# UNITED STATES *v.* AMERICAN BONDING COMPANY.

---

ACTION; CONTRACTOR'S BOND; PREMATURITY; WAIVER.

1. The subcontractor's action upon a public contractor's bond, authorized by the act of Congress of February 24, 1905 (33 Stat. at L. 811,

chap. 778, U. S. Comp. Stat. Supp. 1911, p. 1071), is premature if brought within six months after the settlement of the contract, since the condition of the action imposed by the statute is that the United States shall not have brought an action within the six months period.

2. The prematurity of a subcontractor's action upon a public contractor's bond, authorized by the act of Congress of February 24, 1905 (33 Stat. at L. 811, chap. 778, U. S. Comp. Stat. Supp. 1911, p. 1071), is not waived by pleading to the declaration, since the condition of the action, imposed by the statute, that the United States shall not have brought an action within six months after the final settlement of the contract, is jurisdictional.

3. Where a liability is created, and a special remedy provided for its enforcement, that remedy alone must be employed.

No. 2641.   Submitted April 7, 1914.   Decided May 4, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia on a verdict directed by the court, in an action on a public contractor's bond.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, National Electrical Supply Company, contracted with one B. F. Smith, trading under the name of B. F. Smith Fireproof Construction Company, to install certain electrical work in the United States jail in the District of Columbia. The work contracted for was included in a contract between Smith and the United States. Plaintiff completed the work, which was accepted by the United States; and, on January 23, 1912, Smith, having completed his contract in full, made final settlement with the government.

The present suit is based upon the alleged refusal of Smith to pay plaintiff company a balance of $434 claimed to be due upon its contract. The suit was brought April 13, 1912, against both Smith and defendant bonding company, as surety on his bond. Pleas were filed alleging full performance of the condition of the bond, and claiming a set-off in the sum of $197.10, and asking judgment against plaintiff for said sum. Issue

was joined; and upon trial, when plaintiff rested, defendant bonding company requested the court to instruct the jury to return a verdict in its favor, which request was granted. To prevent a like instruction, a voluntary nonsuit was taken as to defendant Smith. From the judgment in favor of the bonding company, plaintiff prosecutes this appeal.

*Mr. Joseph D. Sullivan* for the appellant.

*Mr. John J. Hamilton, Mr. George E. Hamilton,* and *Mr. John W. Yerkes* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The instructed verdict was properly taken, inasmuch as the suit was brought within less than six months after the final settlement had been made between the United States and the contractor. The act of Congress of February 24, 1905 (33 Stat. at L. 811, chap. 778, U. S. Comp. Stat. Supp. 1911, p. 1071), creating the right of action, among other things, provides that "if no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the department under the direction of which said work has been prosecuted that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the United States in the circuit court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution."

In the case of *United States ex rel. Texas Portland Cement Co.* v. *McCord,* decided in the Supreme Court of the United States, April 6, 1914, 233 U. S. 157, 58 L. ed. 893, 34 Sup. Ct. Rep. 550, this statute is construed as barring persons furnishing material or labor to a contractor with the United States from bringing a suit therefor within six months after the final settlement between the United States and the original contractor. In the opinion, which conclusively disposes of the question involved in the present suit, the court said: "The purpose of Congress to give the United States the exclusive right to bring suit within six months is stated in terms too plain to be mistaken, or to require construction because of any possible uncertainty in their meaning. When this is so it becomes unnecessary to inquire into the reasons which induced the legislation. It may be that Congress wished to give the government six months in which to test the work and fully ascertain its character, and whether it fulfilled the contract or not. Whatever the motive, the language used clearly expresses the legislative intention and admits of no doubt as to its meaning. This being so, it is only the province of the courts to enforce the statute in accordance with its terms. *Lake County* v. *Rollins,* 130 U. S. 662, 670, 32 L. ed. 1060, 1063, 9 Sup. Ct. Rep. 651; *United States* v. *Lexington Mill & Elevator Co.* 232 U. S. 399, 409, 58 L. ed. 658, 34 Sup. Ct. Rep. 337."

The present action was brought about three months after the final settlement between Smith and the United States. The statute creates the remedy; hence, strict compliance with its terms is a condition precedent to the right of action. Neither did defendant waive its right to object by pleading to the declaration, since the condition is jurisdictional. This is an instance where the right and remedy are so united by the statute that the right can only be enforced in the manner provided in the act. The rule is settled that where a liability is created, and a special remedy provided for its enforcement, that remedy alone must be employed. *Pollard* v. *Bailey,* 20 Wall. 520, 527, 22 L. ed. 376, 378; *Fourth Nat. Bank* v. *Francklyn,* 120 U. S. 747, 753, 30 L. ed. 825, 828, 7 Sup. Ct. Rep. 757; *Stewart* v. *Baltimore*

& O. R. Co. 168 U. S. 445, 42 L. ed. 537, 18 Sup. Ct. Rep. 105.

Plaintiff's suit was filed during the period exclusively reserved for the government to bring any action it might have against its contractor and his surety. Hence, this action was premature, and for that reason must fail.

The judgment is affirmed, with costs.                    *Affirmed.*