## MATOIL SERVICE & TRANSPORT CO., Inc., v. SCHNEIDER.

### No. 7923.

Circuit Court of Appeals, Third Circuit.

Argued March 18, 1942.

Decided June 26, 1942.

Thomas A. McDonald, of New York City (Andrew B. Crummy, of Newark, N. J., on the brief), for appellant.

Richard J. Hughes, and Thorn Lord, Asst. U. S. Atty., both of Trenton, N. J. (Charles M. Phillips, U. S. Dist. Atty., of Trenton, N. J., on the brief), for appellee.

Before MARIS, JONES, and GOOD-RICH, Circuit Judges.

JONES, Circuit Judge.

The plaintiff, as the owner of a tank barge, sued the defendant in the District Court for the District of New Jersey to recover the reasonable value of the use made by the defendant of the barge for storage purposes while it was in the defendant's hands as United States Marshal under a writ of seizure issued out of the District Court for New Jersey. The case was tried to the court below without a jury upon stipulated facts. The trial court dismissed the complaint and entered judgment for the. defendant for costs, from which the plaintiff appeals.

The controversy arose out of the following circumstances. On December 22, 1932, a libel was filed by the United States of America in the District Court for New Jersey against the tank barge, alleging violations of the tariff act and revenue statutes. Thereupon the court issued a monition to the defendant as Marshal for the District of New Jersey, commanding him to attach the barge and to detain it in his possession, custody and control until further order of the court. Pursuant to the monition the Marshal seized the barge on December 24, 1932, and, thereafter, it remained continuously in his custody until January 5, 1935, when it was released to the plaintiff as owner on order of the District Court upon a mandate from this court. It is unnecessary to relate the litigation respecting

the barge which took place between the date of its seizure by the defendant under the monition and its release to the plaintiff upon order of the District Court. It is sufficient to say that during all of the time that the barge was in the custody and control of the defendant it was there by virtue of the process issued by the District Court.

At the time the defendant took the barge into his custody there was aboard it as cargo a large quantity of alcohol which the defendant also seized at the same time and took into his custody pursuant to another monition which had been issued by the District Court on a libel filed by the government against the cargo. The alcohol was retained upon the barge from the time of the Marshal's seizure of both the barge and the alcohol until some time between December 14, 1934, and January 5, 1935. The plaintiff claimed no interest in the cargo of alcohol. This was claimed by one Frank Rizzo, to whom the proceeds from the ultimate sale of the alcohol were awarded as the owner thereof.

The plaintiff claims of the defendant the reasonable value of the use which the latter made of the barge for the storage of the alcohol therein while both the barge and the alcohol were legally in his custody under the circumstances as above related. The question presented by the pending appeal is whether the owner of property which is in custodia legis is entitled to compensation from the legal custodian of the property for the latter's permissive continuance of a use of the property for the benefit of others which was being made of the property at the time of the seizure.

 The duty of a Marshal with respect to property which he seizes by virtue of legal warrant is that he keep such property, while in his custody, in a safe and secure manner so as to protect it from injury to the end that, whether it be condemned or restored to the owner, its value to the parties will not have been impaired by unnecessary deterioration or damage for which the custodian could be responsible. 2 Benedict on Admiralty, 6th Ed. 1940, § 301. The duty resting upon the official custodian of property seized under a writ or other legal process is that he exercise reasonable care and diligence in protecting and preserving the res while in his possession, and he is liable only for such loss as results from his failure to use the degree of care thus required of him. See annotation L.R.A.1915A, p. 193.

 The record in this case utterly fails to disclose, nor does the plaintiff point to, any damage to the barge while in the defendant's custody due to his failure to exercise reasonable care and diligence for the protection and preservation of the barge. Neither does it appear, nor does the plaintiff suggest, that the retention of the cargo of alcohol in the barge while in the Marshal's custody caused the slightest impairment to the value of the barge. What the plaintiff in effect seeks to accomplish is to visit upon the Marshal an additional duty, viz., the positive duty of removing everything in or upon the seized property not belonging to the owner thereof and of storing it elsewhere or in the alternative, of providing compensation to the owner of the seized property for the use made thereof for the storage of property belonging to others which was located in the seized property, when the seizure was made, and was not removed. The plaintiff cites us neither statute, court decision, nor other authority which imposes any such duty upon an officer who executes a writ of seizure under court order.

The statutes and instructions to which the plaintiff makes reference merely provide that a Marshal may be reimbursed for expenses properly incurred in obtaining storage facilities for use in connection with his custody and control of seized property. None of the many cases which the plaintiff cites in its original and reply briefs is in point. All of them are so plainly distinguishable from the instant case as not to call for detailed review here. Manifestly, cases where compensation was awarded for an officer's use of property which was *not* in his custody present no analogy. Likewise the present is no a case of the unauthorized use of property by a bailee or an agent thereof. The plaintiff was neither a bailor nor a principal. It not only granted no authority to the defendant with respect to the seized property but was incapable of doing so. While the barge was under seizure pursuant to court process the plaintiff's authority with respect to it was abated.

The defendant did not engage in any unlawful conduct with respect to the barge, and there was no conversion. He properly took the barge into his custody as the court's monition commanded him to

do, and, for similar reason, he likewise took the cargo of alcohol into his custody at the same time. Thereafter he remained passive and simply retained possession of both the barge and the alcohol in the relation one to the other as he had found them upon his seizure thereof. There was no tortious conduct. Nor does the plaintiff assert otherwise.

▮ The plaintiff contends rather that from the use made of the barge for the storage of the alcohol while both were under seizure an implied promise arises on the part of the defendant to pay the barge owner for the use of the barge for the storage of the alcohol. Contracts which are implied in fact embrace obligations arising out of mutual agreement and intent to, promise which are tacit rather than expressed. Such contracts cannot arise, however, unless there is a manifestation of consent to the making of a promise. The elements requisite to an informal contract are no different than they are for a formal contract, whether the informal contract be expressed in words or implied in fact. See 1 Williston on Contracts, Rev. Ed. 1936, § 3, pp. 8, 9, and cases there cited; Restatement, Contracts, (1932) § 5. The facts essential to an implied contract were not present in this case. The plaintiff had no capacity to make an offer with respect to the use of the barge while it was in the Marshal's custody and control pursuant to the court order. And, even if such capacity in the plaintiff be assumed, no affirmative act on the part of the defendant is indicated which could be held to constitute an acceptance by the defendant of the plaintiff's offer. The nonaction of the defendant with respect to the storage of the alcohol could not well be treated as an affirmative act of acceptance when the plaintiff was without right to direct or even expect the Marshal to unload the barge. Furthermore, even if it could justifiably be said that the facts in the case are sufficient to imply a contract in fact, there is still nothing in the evidence to help the plaintiff overcome the presumption that the contract did not render the Marshal personally liable. 1 Williston, supra, § 305, p. 891.

▮ Certainly, under the facts of this case, a quasi-contract would not arise. The Marshal received no benefit from the use of the barge for which he should be personally accountable. Consequently there is no occasion for the law to imply a liability (quasi-contract) in order to do justice between the parties. See Max Bailis et al. v. Reconstruction Finance Corporation, 3 Cir., 128 F.2d 857, decided June 16, 1942. On any score, therefore, the plaintiff failed to make out a case against the defendant.

The judgment of the District Court is affirmed.