### SCHACHTER et al. v. SINGER.

No. 332.

Municipal Court of Appeals for the District of Columbia.

Jan. 18, 1946.

Albert Brick, of Washington, D. C., for appellants.

Benj. L. Tepper, of Washington, D. C., for appellee.

Before CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Plaintiffs sued to recover $1,850 which was double the amount allegedly collected by their landlord in excess of the legal rent ceiling.[1] The landlord filed an answer, together with a motion for summary judgment. The motion was granted and plaintiffs appeal.

From the pleadings and certain accompanying exhibits we obtain a complete history of the transaction. Early in 1942 the landlord petitioned the Rent Administrator for an increase in rent and the Administrator on March 7, 1942, with the acquiescence of the tenants (appellants here), entered an order fixing the maximum rental at $100 per month. This amount the tenants paid for some three years. Late in 1944 the tenants sought to have that order vacated on the ground that the landlord had misrepresented the amount for which the property had rented on January 1, 1941, the statutory freeze date. After hearing, the examiner filed a paper entitled "Examiner's Findings, Recommended Order and Notice." The examiner recited that the property had on January 1, 1941, rented for $75 per month and not $85 as the landlord had claimed. The examiner also found that the property had been sold for the personal use and occupancy of the new owner; held that the question of fair rental had become moot; and recommended that the property having been removed from the rental market, a maximum rent ceiling of "zero" be placed thereon. At the bottom of the examiner's findings was the following notice: "The above findings and order will be deemed to be the findings and order of the Administrator on the effective date set forth therein unless a request in ac-

[1] Such actions are authorized by the District of Columbia Emergency Rent Act, Code 1940, § 45—1610.

cordance with either Rule 20 or Rule 21 is filed prior thereto. Copies of these Rules may be obtained from the Secretary-Docket Clerk."

Rule 20, referred to in the notice, provides that unless a written request for review by the Administrator is filed, the examiner's findings and order become the findings and order of the Administrator. Rule 21 provides the method of review by the Administrator. These rules are in accordance with the procedure prescribed by the Rent Act, Code 1940, § 45—1608.

Tenants took no action within the time prescribed or at any later time to secure a different ruling at the hands of the Administrator; and accordingly the examiner's findings and order became the findings and order of the Administrator. Nor did the tenants seek a review of the Administrator's order in the Municipal Court as authorized by the Act, Code 1940, § 45—1609. Instead, a few days later they filed this suit for double rent in the Municipal Court. We think the trial judge was correct in deciding it against them.

■ The only rent ceiling during the entire period of tenants' occupancy was $100, because it was so declared or "adjusted" by the Administrator in his order of March 7, 1942. If that order was based upon a misrepresentation by the landlord it should have been, as indeed it was, attacked directly in later proceedings before the Administrator. When the examiner by his recommended order of May 5, 1945, declined to readjust the rent on the ground that the question had become moot, the tenants had the right and duty to pursue their administrative remedy by petitioning the Administrator for review. But some affirmative action by the tenants there must have been to exhaust their administrative remedies.[2] They had formal no-

tice that unless they sought a review, the examiner's order would become final. But they not only ignored their administrative remedy, they also completely disregarded their statutory right to appeal to the Municipal Court. Code 1940, § 45—1609(a).

■ When a right or remedy is created by statute it must be enforced in accordance with the statute.[3] "Short cuts to judicial review are not intended by Congress or encouraged by the courts."[4] This is particularly true in this situation where every administrative step to be taken by the tenants was clearly charted by the statute and by the Administrator's rules.

■ In one of the first rent control cases which came before us, Hall v. Robb, D.C.Mun.App., 34 A.2d 863, we said that the method of review provided by the statute was exclusive and that a party who is dissatisfied with an order of the Administrator must follow the statutory method of review and had no right to attack the order collaterally in an action brought for a violation thereof. In a later case, Hicks v. Behrend, D.C.Mun.App., 40 A.2d 78, 81, a tenant, having gone before the Administrator and made an unsuccessful claim of a violation of a minimum service standard, later sued for statutory damages. We pointed out that if a tenant is dissatisfied with the Administrator's order, he has a right to have it reviewed in the Municipal Court, and that when he fails to exercise such right of review, the issues cannot be reexamined in a collateral proceeding. The tenant, we said, "cannot pursue his remedy before the Administrator and failing in that retry the same issues in a court action for damages." That, quite plainly, is what appellants have attempted to do in this case. For the reasons stated, the attempt must fail.

Affirmed.

---

[2] Illinois Commerce Commission v. Thomson, 318 U.S. 675, 63 S.Ct. 834, 87 L.Ed. 1075; Myers v. Bethlehem Shipbldg. Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Natural Gas Pipeline Co. v. Slattery, 302 U.S. 300, 58 S.Ct. 199, 82 L.Ed. 276; Braniff Airways v. Civil Aeronautics Board, 79 U.S.App. D.C. 341, 147 F.2d 152; Yankee Network v. Federal Communications Com'n, 71 App.D.C. 11, 107 F.2d 212; Utah Fuel Co. v. National Bituminous Coal Com-

mission, 69 App.D.C. 333, 101 F.2d 426; Mallory Coal Co. v. National Bituminous Coal Commission, 69 App.D.C. 166, 99 F.2d 399.

[3] United States v. American Bonding Co., 42 App.D.C. 268; Moore v. Coates, D.C.Mun.App., 40 A.2d 68; Lindner v. District of Columbia, D.C.Mun.App., 32 A.2d 540.

[4] Mallory Coal Co. v. National Bituminous Coal Commission, supra [69 App. D.C. 166, 99 F.2d 407].