472

**EVANS et al. v. SCHLEIN et al.**

No. 441.

Municipal Court of Appeals for the
District of Columbia.

Dec. 27, 1946.

Rehearing Denied Jan. 6, 1947.

I. H. Halpern, of Washington, D. C., for appellants.

Raymond Gittelman, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This suit, on its merits, involved a claim on account of alleged overcharges for rent and failure to render services in violation of the District of Columbia Emergency Rent Act, Code 1940, § 45—1610 (a). The appeal, however, is taken from an order of the trial court dismissing the complaint "without prejudice" on the ground that plaintiffs failed and refused to comply with notice to take their depositions upon oral examination.[1]

After the complaint and answer had been filed, defendants' counsel properly served on each plaintiff and on their counsel notices to take the depositions of both plaintiffs at the office of defendants' counsel. On the day set for taking these depositions, defendants' counsel was served with a motion "to stay and limit" the taking of the depositions. The depositions were not taken that day. Subsequently a hearing was held on this motion "to stay and limit" the taking of the depositions before one of the judges of the Municipal Court, who overruled such motion. Thereupon further notices setting another date for the taking of the depositions, also at the office of defendants' counsel, were served upon plaintiffs and their counsel. About two hours before the time thus set, counsel for plaintiffs notified counsel for defendants that plaintiffs would not attend at the time and place set for the taking of the depositions. Defendants' counsel then filed a motion "to dismiss this action, or to enter a judgment by default against the plaintiffs." This motion was heard be-fore a second judge of the Municipal Court. Immediately prior to the oral argument on the motion, counsel for plaintiffs filed and handed to counsel for defendants an affidavit of one of the plaintiffs, stating among other things that at a previous hearing of a matter in controversy between the parties she had been accused of lying by counsel for defendants and had been insulted by him in other respects, and that for these reasons, among others, she and her husband, the other plaintiff, objected to having their depositions taken at the office of defendants' counsel and at the time fixed. By stipulation of respective counsel this affidavit was considered during the hearing on the motion to dismiss. At the conclusion of the hearing the second judge granted the motion "without prejudice."

Each of the trial judges has signed a statement of proceedings. The statement signed by the first judge shows that in deciding the motion "to stay and limit" there was taken into consideration, among other things, the objection of one of the plaintiffs to going to the office of the defendants' counsel, together with the oral denial of counsel for defendants that he had previously insulted that plaintiff or had any ill feeling toward her.

The statement signed by the second judge shows that the argument before him turned largely upon whether the first judge had erred in overruling the motion to stay and limit the taking of the depositions. This statement also shows that the second judge stated that the motion to stay or limit had been addressed to the sound discretion of the court, that any ruling on the law made by the first judge had become the law of the case, and that any decision on the facts or on the law and the facts combined "ought not to be disturbed in the absence of a clear abuse of discretion." The statement shows, nevertheless, that the second judge went fully into each point, and "ruled that counsel for the plaintiffs had not established the commission of any error" by the first judge "on any pertinent point of law or the

[1] Municipal Court Rules 24, 25 and 27. These rules are identical with Rules 26, 28 and 30 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

commission of an abuse of discretion" on the part of the first judge. The second judge thereupon ruled that no sufficient reason or excuse was presented for the failure of plaintiffs to comply with the notices and subpoenas for the taking of the depositions and that "this failure had been willful as well as without sufficient excuse, and therefore justified the granting of the motion to dismiss." He offered, nevertheless, a reserve decision on the motion to dismiss if counsel for plaintiffs would then agree to fix a date for the taking of the depositions "at the place originally designated" and to advise his clients that it was their duty to attend. This offer defendants' counsel refused, and the order of dismissal without prejudice followed.

■ The first question we must consider, although not raised by either party, is the jurisdictional one of whether an order dismissing a complaint "without prejudice" is appealable.[2] The effect of the dismissal of a suit "without prejudice" is to finally dispose of that particular suit, but it does not operate as a bar to a new suit on the same cause of action.[3] While under certain circumstances a dismissal without prejudice is deemed similar to a voluntary nonsuit and therefore not appealable,[4] we have concluded that what was done here amounted to an involuntary nonsuit. Involuntary nonsuits have consistently been held by the federal courts to be appealable final orders.[5]

■ We have also concluded that the order of the trial court dismissing the complaint "without prejudice" must be affirmed.[6] The language of the Connecticut Supreme Court in Craft Refrigerating Mach. Co. v. Quinnipiac Co., 63 Conn. 551, 29 A. 76, 79, 25 L.R.A. 856, is appropriate here:

"It is not for him (plaintiff) to refuse obedience to such an order because he deems it erroneous, or because it is erroneous. Until revoked or reversed, it is the law of the case. He can take his exception, but such exception will not suspend the course of justice. The order will still remain in force, and must be obeyed, or the suit dismissed, if the authority of the court, and the dignity of the state which it represents, are to be maintained. " * * * If the order were erroneous, and a proper exception taken before making the election, a new trial could be had on the original complaint."

Here the order dismissing the action for failure to appear before the officer who was to take the deposition is one of the sanctions authorized by Rule 34 (d) of the Municipal Court, which is the same as Rule 37 (d) of the Federal Rules of Civil Procedure. Such sanctions are contained in numerous federal and state statutes and have been uniformly sustained.[7]

While we affirm the order of dismissal, we deem it appropriate to comment on several points of procedure for the guidance of counsel and the trial court in trying the new suit, which we assume will be filed, and in dealing with similar situations in other cases.

■ 1. The second judge apparently misconstrued his function in undertaking to decide whether the first judge had committed an "abuse of discretion" in overruling the motion to limit and stay. The

[2] Central Transportation Co. v. Pullman's Palace Car Co., 139 U.S. 24, 11 S.Ct. 478, 35 L.Ed. 55.

[3] State of Missouri v. Chicago, B. & Q. R. Co., 241 U.S. 533, 36 S.Ct. 715, 60 L.Ed. 1148. See also W. T. Raleigh Co. v. Barnes, 143 Miss. 597, 109 So. 8.

[4] Rudolph v. Sensener, 39 App.D.C. 385.

[5] Central Transportation Co. v. Pullman's Palace Car Co., supra; United States v. City Sav. Bank & Trust Co., 6 Cir., 73 F.2d 486; Connecticut Fire Ins. Co. v. Manning, 8 Cir., 177 F. 893; Stevens v. Nave-McCord Mercantile Co., 8 Cir., 150 Fed. 71; see also Solomon v. Continental Baking Co., 174 Miss. 890, 165 So. 607, 166 So. 376; Passig v. Ossing, 51 Ohio App. 215, 200 N.E. 207.

[6] Parker v. Hot Shoppes, Inc., D.C. Mun.App., 49 A.2d 657. See also Peitzman v. City of Illmo, 8 Cir., 141 F.2d 956, certiorari denied 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577; Collins v. Wayland, 9 Cir., 139 F.2d 677, certiorari denied 322 U.S. 744, 64 S.Ct. 1151, 88 L. Ed. 1576.

[7] Hammond Packing Co. v. State of Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530, 15 Ann.Cas. 645.

issue before the second judge under Rule 34 (d) was not whether the first judge had committed an abuse of discretion but (1) whether the plaintiffs had willfully failed to appear for the taking of their depositions and (2) whether he should strike out all or any part of the pleadings of plaintiffs, or dismiss the action, or enter a judgment by default against plaintiffs. The second judge, nevertheless, finally exercised his own judicial discretion, as had the first. This appeal brings here the question of whether there was an abuse of discretion by either judge.[8]

■ 2. Plaintiffs urged that before the oral examination defendants be required to answer under oath in writing certain interrogatories to be submitted by plaintiffs. The respects in which depositions upon oral examination may be limited are prescribed in Rule 27 (b) of the Municipal Court rules. (Rule 30 (b), Fed. Rules Civ. Proc.) These do not include the limitation proposed by plaintiffs. Rule 28 of the Municipal Court (Rule 31, Fed. Rules Civ. Proc.) permits either party to take a deposition of any person upon written interrogatories. Plaintiffs should have exercised their rights under this rule rather than seeking to interfere with defendants' rights under Rule 27. The trial court, therefore, was correct in overruling this part of plaintiffs' motion.

■ 3. Plaintiffs also sought to force defendants to produce various documents in another action pending in the United States District Court for the District of Columbia. No such limitation is authorized by Rule 27 of the Municipal Court. Rule 31 of the Municipal Court (Rule 34, Fed. Rules Civ. Proc.) authorizes any party showing good cause therefor to obtain an order directing any other party to the suit to produce and permit the inspection of any designated documents, papers, etc., "which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control." Here again plaintiffs should have followed the procedure clearly specified by the rules. The trial court again was correct in overruling this part of the motion to limit.

4. Plaintiffs also urged that the taking of the depositions be stayed and that they not be taken at the office of counsel for defendants. These parts of the motion stand upon a different footing than those previously discussed. Rule 27 (b) of the Municipal Court, under the heading of "Orders for the Protection of Parties and Deponents", provides that for good cause shown the court may require that the deposition may be taken "only at some designated place other than that stated in the notice" and may also "make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." The original motion to stay and limit was before the first trial judge, and the affidavit of one of plaintiffs was before the second trial judge. In this affidavit it was stated, among other things, that "in a previous hearing in a rent control matter between the parties she was patronizingly and insultingly called 'Rebecca' and her husband 'Charlie' " by counsel for defendants; that the same counsel accused her of lying; that the same counsel had cross-examined her for almost three hours and had asked her the same question many times; that his attitude and demeanor and tone of voice were insulting; that she is a colored woman of very little education, and the mother of seven children and the youngest is only three months old; that it is very difficult for either her or her husband, who works, to attend such hearings during the daytime and they can ill afford to lose a day's pay; that counsel for defendants had been requested to choose a time convenient for plaintiffs and that "he stated that he would choose a time convenient for himself."

■ It seems obvious that if timely objection is made to taking such depositions in the office of opposing counsel, and if apparently sound reasons for such objec-

---

8 United States v. Steinberg, 2 Cir., 100 F.2d 124. See also Potts v. Village of Haverstraw, 2 Cir., 93 F.2d 506, certiorari denied 311 U.S. 660, 61 S.Ct. 17, 85 L.Ed. 423; Cherry v. Howell, 2 Cir., 66 F.2d 713; State ex rel. Williams Coal Co. v. Duncan, 211 Ind. 203, 6 N. E.2d 342.

tion are given, the trial court should order the depositions taken elsewhere, preferably in the courthouse and, if necessary, in the presence of a judge. This has been done in other jurisdictions operating under the Federal Rules of Civil Procedure.[9]

What we have said regarding the place of taking the depositions applies equally to the time. Certainly the convenience of everyone concerned should be sought with respect to such details, and litigants should be protected against harassment by counsel. It is likewise true, however, that if opposing counsel desire a change of time or place or other details, they should make seasonable application to the court and not, as was done here, wait until the date of the examination before taking action. The sanctions permitted by the rules are properly imposed under such circumstances.

Affirmed.

[9] United States ex rel. Edelstein v. Brussell Sewing Machine Co., D.C.S.D.N.Y., 3 F.R.D. 87; Ginsberg v. Railway Express Agency, Inc., D.C.S.D.N.Y., 6 F.R.D. 371; Havell v. Time, Inc., D.C. S.D.N.Y., 1 F.R.D. 439.