## EVANS et al. v. SCHLEIN et al.

### No. 603.

Municipal Court of Appeals for the District of Columbia.

Aug. 19, 1948.

See also: 51 A.2d 472.

I. H. Halpern, of Washington, D. C., for appellants.

Raymond Gittelman, of Washington, D. C. (Nathan Rubey, of Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This appeal is from an order dismissing a complaint in which plaintiffs sought to recover of their landlords $18,314.54 for various items of overcharge of rent, and for failure to maintain certain minimum service standards under the District of Columbia Emergency Rent Control Act.[1]

The complaint charged that whereas on the statutory freeze date, January 1, 1941, the maximum rent ceiling on the house involved was $20 per month, defendant landlords had for sixty months charged them $30 per month. Instead of claiming $1200, which would have been twice the overcharge as authorized by the Act,[2] plaintiffs claimed on this item $3,000.

They also claimed that because of landlords' failure to pay water rent they were deprived of water for eight or nine days; and because of failure of the landlords to repair a gas heater they were deprived of hot water for almost three months; and further that they were damaged by landlords' refusal to repair the coal furnace. For these items plaintiffs did not, as authorized by the Act,[3] claim "double the value of the services refused in violation of the applicable minimum-service standard * * *," but demanded therefor a total of $15,314.54.

Defendants moved to dismiss on several grounds, the most important of which were these: that the tenants had proceeded on the same subject matter before the Rent Administrator, that the Administrator had dismissed their petition, and that they were then prosecuting an appeal from such or-

der of dismissal before the statutory three-judge tribunal of the Municipal Court, as then provided by the Rent Act.[4] Defendants also contended that in bringing this suit plaintiffs were making a collateral attack on the order of the Administrator. The trial judge granted the motion to dismiss, and this appeal followed. After this appeal had been argued, we ordered it held in abeyance, so that we might consider it along with the appeal from the decision of the three judges who had sat in review of the Administrator's order. The two appeals have now been argued together, and our decision in the companion case is being rendered today. Schlein v. Evans, D.C.Mun. App., 61 A.2d 35.

In this case we hold it was error to dismiss plaintiffs' complaint, and that defendants should have been required to answer both charges made by plaintiffs.

The claim for overcharges.

The landlords (appellees here) contend that tenants' suit was nothing more than a collateral attack on the order of the Rent Administrator dismissing tenants' petition, and that tenants' only recourse was to pursue their administrative remedy, and appeal directly from the Administrator's order. Under other circumstances we have so held.[5] But here the order of the Administrator was not such as to prevent tenants from suing for the alleged overcharges. The proceedings before the Administrator were not for an adjustment of rent ceilings, as contemplated by the Rent Act. The only relief sought by the tenants, as stipulated before the Rent Control Examiner, was to obtain "a determination that the premises were rented on January 1, 1941 for $20.00 a month." Plainly enough the tenants' purpose was, if they obtained such a ruling, to make it stand up as res judicata in a subsequent suit for double the overcharges in the Municipal Court. But the Administrator made no affirmative finding at all on that issue. He rendered a "not proven"

[1] Code 1940, Supp. V, 45—1601 et seq.

[2] Code 1940, Supp. V, 45—1610.

[3] Code 1940, Supp. V, 45—1610.

[4] Since that time Congress has amended the Rent Act so as to vest jurisdiction of such appeals in this court. Act of April 29, 1948, Public Law 507, 80th Congress, 62 Stat. 205.

[5] Schachter v. Singer, D.C.Mun.App., 45 A.2d 364; Hicks v. Behrend, D.C. Mun.App., 40 A.2d 78; Hall v. Henry J. Robb, Inc., D.C.Mun.App., 34 A.2d 863.

decision. He held "that the evidence failed to establish that the premises were rented on January 1, 1941, or during the year 1940, and that consequently there was a failure of proof of the allegation of the petition that there had occurred an increase in rent over that paid or payable January 1, 1941 for the housing accommodations involved herein." Accordingly he dismissed the tenants' petition.

We rule that such dismissal did not constitute res judicata of any issue in this case. Aside from the equivocal nature of the Administrator's finding [6] it must be kept clearly in mind that he had no power to make any adjudication on the subject. The only purpose for which he could have properly inquired into the subject would have been the incidental purpose of enabling him to decide what the rent should be. Whatever his finding as to what the rent was on the freeze date, it would not be binding on the Municipal Court in subsequent litigation between the parties. That court was vested by the Act [7] with exclusive jurisdiction to hear and determine all actions for rent overcharges. Clearly such exclusive jurisdiction includes the power to decide all incidental and preliminary questions, including specifically the question as to whether or not property was rented on the freeze date, and at what rental.

It is plain, therefore, that the Administrator might more properly have dismissed the petition before him for want of jurisdiction. It is equally plain that the dismissal of the petition could not and did not affect tenants' right to sue for overcharges. Therefore the judge of the trial court was wrong in denying the tenants an opportunity to bring in their evidence on the question of overcharge, and prove a case if they could. It was error to dismiss this part of their complaint.

The claim for minimum service standard violations.

This part of plaintiffs' complaint rested on an even stronger footing. It charged a number of service standard violations by the landlords. As to these violations the tenants had not asked the Rent Administrator to do anything or decide anything. The litigation before the Administrator was based, as we have seen, only on the tenants' effort to obtain a determination that rent of $20 monthly was being charged on the freeze date. Consequently, on their claim that minimum service standards had been violated,—a completely separate matter—plaintiffs were entitled to go into court in an independent action for compensatory damages. Clearly, it was error to deny them such right.

We think a suggestion as to computing plaintiffs' claim is proper, which, if followed, will prevent confusion when the case again reaches the trial court. From what we have said in the second and third paragraphs of this opinion, it is clear that plaintiffs computed their claim on amounts not authorized by the Rent Act. In fairness to the trial judge it should be said that when the motion to dismiss had been granted, plaintiffs' counsel did not ask leave to amend. We assume that such leave would have been granted, almost as a matter of course, had it been sought. Instead plaintiffs' counsel filed a motion to "clarify the order granting the motion to dismiss the complaint and state that the order is silent as to whether leave is or is not granted to amend." Nor, when this unusual motion had been overruled, did counsel seek leave to amend. Instead, he took an appeal. Such an approach is puzzling to say the least, and obviously of no help to plaintiffs, who, according to the record, are people of limited financial means. Obviously their interests would have been better served,—and more quickly and cheaply—by tendering a properly amended complaint, than by carrying them through the expense and delay of this second appeal.[8]

We suggest that when the case goes back to the trial court plaintiffs should submit an amended complaint, being careful to follow the provisions of the Act,[9] because their on-

---

[6] We do not say this critically: it was justified by the highly confused state of the evidence before him.

[7] Code 1940, Supp. V, 45—1610(a).

[8] As we point out in the companion case, an appeal involving this same claim was here before.

[9] Code 1940, Supp. V, 45—1610.

ly remedy is a statutory one. Goldberg v. Roumel, D.C.Mun.App., 47 A.2d 790. Since they must rely on the Rent Act for their remedy they must also rely on it for their standards of recovery.

Reversed.