**SCHLEIN et al. v. EVANS et al.**

No. 648.

Municipal Court of Appeals for the District of Columbia.

Aug. 19, 1948.

Raymond Gittelman, for appellants.

I. H. Halpern, for appellees.

Ruffin A. Brantley (Ernest F. Williams, on the brief), for Administrator of Rent Control, amicus curiae.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

After more than a year and a half of unnecessarily involved litigation in which they have been before the Rent Administrator twice and before the Municipal Court three times, these parties are now before us on a third appeal. On the first occasion we affirmed an order by which the Municipal Court had dismissed, without prejudice, tenants' claim for overcharges of rent and failure to render services under the Emergency Rent Act, D.C. Code 1940, § 45—1601 et seq., because of their refusal to submit to the taking of their depositions. Evans v. Schlein, D.C. Mun.App., 51 A.2d 472. The second appeal, involving a new suit on the same claim, has been decided by us today. Evans v. Schlein, D.C.Mun.App., No. 603, 61 A.2d 32.

This appeal is from a decision of a statutory tribunal of three Municipal Court judges, which until recently had jurisdiction to review decisions of the Rent Administrator.[1] This case was taken to that statutory reviewing court by the tenants who sought a reversal of an order of the Administrator dismissing a petition they had filed in the Administrator's office. Though the petition was on a form entitled "Petition of Tenant for Adjustment of Rent or Services" it is plain from the record that tenants actually sought only "a determination that the premises were rented on January 1, 1941 for $20.00 a month," as we have cited in Evans v. Schlein, D.C. Mun.App., No. 603, 61 A.2d 32, which is being decided simultaneously with this appeal. And as we there held the tenants were not entitled to litigate that issue in that forum because the Administrator had no power to make any decision (except per-

---

[1] Congress has amended the Rent Act so as to vest jurisdiction of such appeals in this court. Act of April 29, 1948, Public Law No. 507, 80th Congress, 62 Stat. 205.

haps incidentally and preliminarily) on that question. The issue was, for the purposes presented, one over which the Municipal Court[2] had exclusive jurisdiction.

Therefore the jurisdiction of the Municipal Court being exclusive, and the Rent Administrator having no power to decide the issue, he was bound to dismiss tenants' petition. Dismiss it he did; and though the dismissal was based on a wrong ground it should have been permitted to stand.[3]

But the Municipal Court went into the merits of the appeal and reversed the Administrator's decision on the ground that the Rent Control Examiner had improperly excluded certain evidence. That evidence, so the Municipal Court held, would have reflected on the credibility of Mr. Schlein, one of the landlords, who testified before the Examiner. On that ground the Municipal Court set aside the Administrator's order.

With great respect for the able and experienced judges who sat on the reviewing panel, we yet cannot escape the conclusion that they misapprehended the basic jurisdictional question in the case. As we view the matter, it is not a question of whether the Examiner improperly excluded evidence, but whether he had any right to hear the petition or make any adjudication thereon, once it became apparent that the only determinative issue was one which the Administrator's Office had no power to hear or decide. It seems plain to us that the Administrator, in the circumstances of the situation before him, could at the most have rendered a declaratory finding or judgment as to what the rent was on the freeze date. Such finding would not have been binding on the parties and would not have been conclusive of anything in any subsequent litigation between them in the Municipal Court. The Administrator's power to adjust rents does not carry with it the power to make adjudications in matters which can properly be decided only by the Municipal Court. We therefore rule that though a wrong reason was given for the Adminis-

trator's action ordering dismissal of tenants' petition, the dismissal was proper and must stand.

The decision of the Municipal Court is reversed and that of the Rent Administrator is affirmed.

---

[2] By this we mean a judge of that court sitting individually as a trial judge —as distinguished from the three-judge appellate tribunal set up by the Rent Act to hear appeals from decisions of the Administrator.

[3] Plant v. Plant, D.C.Mun.App., 57 A. 2d 204; White v. Corbett, D.C.Mun. App., 51 A.2d 676; Simpkins v. Brooks, D.C.Mun.App., 49 A.2d 549.