**LEVY v. ARSENAULT.**

No. 714.

Municipal Court of Appeals for the District of Columbia.

Dec. 1, 1948.

---

S. L. Levy, pro se.

Arthur L. Willcher, of Washington, D. C., for respondent.

Ernest F. Williams, of Washington, D. C., for Administrator of Rent Control.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Judge.

Petitioner appeals from an order of the District of Columbia Rent Administrator approving an examiner's order which dismissed petitioner's application as being "without merit."

While the dismissed application was on a form supplied by the Rent Administrator headed "Petition of Tenant for Adjustment of Rent or Service," the relief requested was as follows:

"A. That an order issue declaring that under the Rent Control Act he is entitled to a refund of $250.00 as per item 7A above. B. That an order issue declaring that as per item 7B above he is entitled to a similar refund of $50.00, or $300.00 total to be refunded."

The references to "item 7A above" and to "item 7B above" were to allegations made in the first part of the petition that his landlord had made a rent overcharge, had failed to supply him with bed linens, heat, hot water, and other services to which he was entitled, and had unlawfully evicted him from his room in landlord's rooming house.

The examiner who heard the evidence made written findings, which included, as No. 5, a finding that "the relief primarily sought by the tenant in this petition is without the jurisdiction of the Administrator of Rent Control as defined in the District of Columbia Emergency Rent Act, as amended, Section 10, par. (a), and also Section 5, par. (a)." The findings and order of the examiner were subsequently approved by the Administrator.[1]

There can be no question that the Rent Administrator was right in ordering the petition dismissed for the reason that he was without jurisdiction to grant the relief requested. The Rent Act gives the Municipal Court exclusive jurisdiction over actions by tenants to recover rent overcharges and penalties therefor and penalties for failure to provide minimum service standards.[2] The Administrator has no jurisdiction to "declare" what relief in these categories a tenant may be entitled to.

During oral argument of this appeal petitioner for the first time called attention to that part of Section 10(a) of the Rent Act which, after authorizing the tenant to bring such suits in the Municipal Court, provides further that the Administrator may bring the suit "on behalf of such tenant". At no time, however, in the proceedings before the examiner or the Administrator did petitioner base his petition upon this provision of the Act. In-

---

[1] Code 1940, 45—1608(c).  [2] Code 1940, 45—1610(a).

644

stead, as shown above, he specifically requested the Administrator himself to issue an order declaring that petitioner was entitled to the relief sought. The Rent Act itself provides that "No objection that has not been urged before the Administrator shall be considered by the court, unless the failure to urge such objection shall be excused because of extraordinary circumstances." [3] No extraordinary circumstances have been shown but, in any event, even had petitioner requested the Administrator to file suit in the Municipal Court in his behalf a refusal by the Administrator to follow such course would not be reviewable except possibly for reasons which have not been suggested here. In particular, no reason has been shown why petitioner himself should not have filed suit in the Municipal Court.

While the order of the Administrator dismissing the petition was correct and therefore must be affirmed, petitioner assigns as error certain findings of fact made by the examiner and approved by the Administrator. Findings numbered 1 and 2 merely recited that an order of the Administrator dated August 29, 1946, determined the maximum rent ceiling and minimum service standards for the room occupied by petitioner. By findings 3 and 4, however, the examiner went further and in effect found that the landlord had not violated the minimum service standard with respect to bed linens and that, although evidence had been introduced showing laxity in the cleaning of petitioner's room, such lack was due to petitioner's placing a private lock on the door.

We hold that findings 3 and 4 were beyond the power of the Administrator or his examiner to make in this proceeding. [4] Since the Rent Administrator dismissed the petition for lack of jurisdiction and had undertaken to make findings on some of the questions in controversy, such findings are without effect and in particular may not be used as the basis for a plea of res judicata in any other proceedings involving questions considered in such findings. [5]

Affirmed.

[3] Code 1940, 45—1609(b).
[4] Evans v. Schlein, D.C.Mun.App., 61 A.2d 32.

[5] Rowe v. Nolan Finance Co., 79 U.S. App.D.C. 35, 142 F.2d 93.