Hester O'Neill **WILSON**, Appellant

v.

Charles O. **BITTINGER**, National Metropolitan Bank of Washington, and the District of Columbia, Appelles.

No. 14450.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 22, 1958.

Decided Dec. 18, 1958.

Mr. John Geyer Tausig, Washington, D. C., for appellant.

Mr. N. Meyer Baker, Washington, D. C., for appellees Bittinger and National Metropolitan Bank of Washington.

Mr. Richard W. Barton, Asst. Corp. Counsel, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee The District of Columbia.

Before REED, Associate Justice of the Supreme Court, retired,* and BAZELON and BURGER, Circuit Judges.

REED, Associate Justice, sitting by designation.

This is a tort action by a leasehold tenant of an apartment to recover damages from her landlord (Captain Bittinger), his agent (the Bank), and the District of Columbia, for negligence in

the execution of a writ of restitution from the Municipal Court for the District of Columbia.[1] It was alleged that the landlord, acting through his agent, the Bank, negligently removed appellant's personal property from the premises and deposited it on the adjoining sidewalk; that the United States Marshal negligently removed the property from the sidewalk to a storage warehouse of the District where the property was there negligently stored by the District.

It was alleged that the things damaged were the furnishings of the apartment, valuable paintings, and work memoranda on past and future assignments of plaintiff, an established authoress with contracts for biographical and other serious writing. The total damage was stated at $15,000.

Judgment was entered on the District's motion for summary judgment in its favor with an affidavit of its Property Clerk that his records showed that the United States Marshal's office set plaintiff's belongings on the sidewalk space and notified the Police Department of its action, that the Police Department had the belongings removed by its contractor to the storage warehouse in question which was under the supervision of the Property Clerk. The order dismissed the complaint as to the District of Columbia on the ground that the alleged damage "resulted from the performance of a governmental function by the District of Columbia" for which it is not liable as a matter of law.

On motion of the landlord and his agent, the Bank, for summary judgment in their favor, because there was no genuine issue as to any material fact and they were therefore entitled to judgment as a matter of law,[2] dismissal as to them was granted. The ground—lack of any evidence of negligence by the owner and the Bank—was apparently

---

* Sitting by designation pursuant to the provisions of Sec. 294(a), Title 28 U.S. Code.

1. District of Columbia Code § 11–735, § 11–724.

2. Fed.Rules Civ.Proc.Rule 56(c), 28 U.S.C.

this part of the plaintiff's answer to interrogatories:

"Q. Do you have any witnesses, Mrs. Wilson, as to the negligence of the National Metropolitan Bank and its agents, [or] Captain Bittinger, in removing your property from 1519 26th Street, Northwest, May 26, 1954? A. No. I was away, out of town. I do not know who stored it."

That was the argument of these defendants in their Points and Authorities in Support of Motion.

"4. There was no negligence on the part of these Defendants in the supervision of the removal of Plaintiff's furniture and furnishings from her former home when she was evicted by the U. S. Marshal for the District of Columbia."

The case raises narrow problems of law relating to municipal liability for acts of its agents and the responsibility of litigants for negligence of governmental enforcement officers in executing judgments. Their solution depends largely upon the facts. The record does not make clear several situations that may create or avoid liability for the respective appellees. We shall attempt to make specific our objections to deciding these issues on this record.

■ First, we consider the record as to the liability of the landlord, Captain Bittinger, and his agents. The appellant was out of town when the property was removed. She was in the apartment for 14 days, leaving three days before the eviction. She deposed that she had witnesses to the property's condition be-

fore and after removal and storage; that it was damaged by removal. Witnesses were available as to conditions and those who carried out the removal and storage. If appellees could be liable at law for such negligence, we think those facts would establish a triable issue as to negligence in removing or storing. The movants had the burden of showing quite clearly what the truth was.[3]

■ Appellant charged that the landlord through the Bank and its employees was negligent in removing the articles to the sidewalk. The Property Clerk of the District deposed that his records showed the United States Marshal's Office set out the property on the sidewalk and the Police Department transported it. If the Marshal's office, acting within the Municipal Court's orders, negligently damaged the property in moving it to the sidewalk, neither the landlord nor the Bank is liable for the results of this negligence unless the landlord or the Bank participated in the wrongful act.[4] The eviction by order was strictly a governmental function, a carrying out of judicial administration.[5] Marshals are themselves responsible for their negligent acts, not the sovereignty or the courts for whom these officers act in carrying out such orders as restitution of property.[6] When municipalities act to carry out their functions of government as distinct from proprietary acts, they are not liable for the negligence of their agents. While a municipality's freedom from liability is being more narrowly construed by the courts, the rule of non-liability for negligence in the exercise of the strict functions of government is unimpaired.[7] As in gov-

3. 6 Moore, Federal Practice ¶ 56.15[3], p. 2123.

4. 33 C.J.S. Executions § 456 b (2).

5. Marshals are appointed for each judicial district, 28 U.S.C. § 541; the District of Columbia is a judicial district, § 88; they execute all court orders issued under United States authority, § 547; they are assigned to the Municipal Court of the District, § 11–721, D.C. Code. Cf. § 11–755.

6. Snyder v. Hart, 64 App.D.C. 353, 78 F. 2d 237 and cases cited; Matoil Service & Transport Co. v. Schneider, 3 Cir., 129 F.2d 392. Cf. Alzua v. Johnson, 231 U.S. 106, 34 S.Ct. 27, 58 L.Ed. 142. Restatement, Torts § 888(c).

7. 18 McQuillin, Municipal Corporations (3d ed.) § 53.24; Rhyne, Municipal Law (1957) 732.
    We are not unmindful of the reasoning of the Supreme Court in Rayonier, Inc.

ernmental nonliability for actions of a marshal in executing the restitution, a successful litigant who takes no part either himself or by his agents in the eviction should be protected. The notice of these defendants on their motion for judgment indicates some supervision of removal by the landlord's agents. The Marshal is not the agent of the parties but a part of the judicial system. In this case the allegation is that the landlord's agents, not the Marshal, negligently placed the furnishings on the sidewalk. On a new trial it can be determined whether under the allegations the landlord or the Bank or the agents of either are responsible for any damage, and who it was that actually managed the eviction.

Second. The liability of the District is predicated partly upon the allegation that the Marshal damaged the property by the negligent manner in which he had it removed by a police contractor from the sidewalk to the storage warehouse. The District Property Clerk, deposing for appellees, say the Police Department removed it from this public space after notification from the Marshal. If the District, through its agents other than the Marshal's office, removed the property from a public space, it may have been to clear the sidewalks—a proceeding that is part of the city housekeeping responsibility—and in that case the District would be liable for any damage done.[8]

If the damage occurred after delivery to the Property Clerk, we have a different situation. Unlike the street clearing responsibilities of the municipality, the actions of the Property Clerk are directed by statute. District Code (1952) § 4–151 to 168. Section 4–156(c) provides that the Property Clerk "shall not be liable in damages for any official action performed hereunder in good faith."[9] Without evidence as to control of the movement from the sidewalk to the warehouse, we should not undertake to determine the liability of the District for any resulting damage in this removal.

The District is also charged with damage from negligence in storing the appellant's goods in the District's warehouse. The record does not show the conditions and purposes under which the warehouse is operated by the District. It may be that the Property Clerk merely deposits articles in a private warehouse. It may be operated by the Property Clerk as a part of his function or it may be a city facility for storage of goods, in custodia legis, with or without a charge for services.[10]

Under the allegations of this complaint and the facts before the court, the plaintiff-appellant was entitled to a trial to show whether her property was negligently damaged by defendants or any of them and if so to recover from any defendant who might be liable in law for its negligence or that of its servants for whom it is responsible.

---

v. United States, 352 U.S. 315, 319, 77 S.Ct. 374, 1 L.Ed.2d 354. That case, allowing recovery for negligence in fighting a fire, turned on a construction of the Federal Tort Claims Act and does not change the established law of the federal courts as to municipal non-liability for negligence in the exercise of a governmental function. Cf. Scull v. District of Columbia, 102 U.S.App.D.C. 104, 250 F.2d 767.

8. Rhyne, supra, p. 749 et seq. with collection of cases. Weightman v. Corporation of Washington, 1 Black 39, 50, 17 L.Ed. 52; Barnes v. District of Columbia, 91 U.S. 540, 547, 23 L.Ed. 440; Booth v. District of Columbia, 100 U.S.

App.D.C. 32, 241 F.2d 437. Cf. City of Louisville v. Hans, 167 Ky. 160, 180 S.W. 65.

9. See H.R.Rep. No. 377, and S.Rep. No. 186, 77th Cong., 1st Sess. Cf. United States v. Scott, D.C., 149 F.Supp. 837; United States v. City of New York, 2 Cir., 82 F.2d 242.

10. Cf. Best v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 78 L.Ed. 882. See District of Columbia v. Green, 96 U.S.App.D.C. 20, 223 F.2d 312, where the District was held liable for negligence in operating a public market even though it was required by statute so to operate.

718

The judgments of the District Court are vacated and the case remanded to the District Court for trial in the light of the above comments and such other evidence as the District Court shall consider pertinent to the issues.