**Winnie Delano EARL, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 5095.

District of Columbia Court of Appeals.

Argued Feb. 9, 1970.

Decided March 6, 1970.

Dovey J. Roundtree, Washington, D. C., for appellant.

Brian W. Shaughnessy, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Frederick G. Watts, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

KERN, Associate Judge.

This is an appeal from a judgment of conviction entered after a trial by jury for possession of narcotics, D.C.Code 1967, § 33–402(a), and possession of implements of a crime, *i.e.,* narcotics paraphernalia, D.C. Code 1967, § 22–3601. The contraband items were seized from appellant's person and apartment by police officers executing search and arrest warrants. Appellant contends that the warrants were tainted and the evidence seized should have been suppressed because they were issued upon the basis of information obtained from a prior unlawful search of his apartment by a Deputy United States Marshal.

The Deputy, accompanied by the resident manager of the apartment building, entered appellant's apartment for the purpose of executing a writ of restitution issued by

the Landlord and Tenant Branch of the Court of General Sessions upon a complaint for possession by the landlord for non-payment of rent. The manager believed that appellant had abandoned the apartment and drilled open the security lock on the door. When they entered the three-room apartment, they found a great deal of clothing, cameras, a television, a radio, luggage and other such items which would all have to be removed in order to execute the writ. The Deputy decided to postpone the eviction because he did not have sufficient help to move that much property out of the apartment.

The manager also concluded after consultation with his superiors that the eviction should not go forward because of his discovery within the apartment of valuable items of personalty which could be attached by appellant's landlord to cover the rent deficiencies. D.C.Code 1967 §§ 45–915 to 20. However, the Deputy proceeded to examine the contents of the apartment to discover items of value pursuant to a general policy designed to protect the Deputy and the Marshal's office from later spurious claims for damaged or stolen items.[1]

The Deputy, during his examination and inventory, picked up in one of the closets an unlocked suitcase which rattled when shaken. Upon opening it he found items which he recognized as being frequently used in the "cutting" and preparation for sale of narcotic drugs. Having previously decided to resume the eviction on a later day during the life of the writ when they would have sufficient personnel to remove the items, the Deputy and the manager relocked the apartment. Later that day, the Deputy informed the Metropolitan Police Department of what he had seen. The police thereafter obtained and executed a search warrant for the apartment which turned up the suitcase and its contents. On the basis of the items seized and a laboratory analysis indicating the presence of opiates in some powder in the suitcase, they obtained an arrest warrant for appellant. Appellant had cocaine in his possession when he was arrested.

We think that the Deputy's action here was proper. A United States Marshal is responsible for any damage caused by his negligence to property he handles while carrying out his duties. Wilson v. Bittinger, 104 U.S.App.D.C. 403, 262 F.2d 714 (1958); Snyder v. Hart, 64 App. D.C. 353, 78 F.2d 237 (1935). Therefore, we cannot say that it was unreasonable for the Deputy in the instant case to take an inventory of valuables in an apartment he had entered to execute a court order. The fact that the Deputy decided [2] not to complete the eviction process at that time [3] because of the need to obtain help to move the tenant's possessions is immaterial; once the execution of the writ had begun, the Deputy had exposed both his office and himself to liability.

1. Under this policy, when the Marshal proceeds to remove property and place it on the street as a part of the eviction, items he deems "valuable" are turned over to the nearest police precinct for safekeeping.

2. Appellant contends that when the resident manager advised the Marshal of his principal's decision to delay eviction he was in effect dismissing the suit for possession and withdrawing the writ of restitution. Therefore, he argues, the continuing presence and actions by the Marshal on the premises were illegal. Since the Marshal is an officer of the court and is executing a judicial writ when he conducts an eviction we find nothing in this record to show that the resident manager had authority upon a mere oral statement to the Marshal to terminate the judicial process. Cf. Wilson v. Bittinger, 104 U.S.App.D.C. at 406, 262 F.2d at 717. In any event, whatever effect the decision of the resident manager may have had on the execution of the writ, the Marshal's responsibility for the safety of appellant's property was in no way mitigated, and so his continuation of the inventory of the contents of the apartment was prudent and proper under the circumstances.

3. The temporary cessation of the eviction was permissible since the writ of restitution remained in force for several days.

Since the Deputy Marshal's entry was on official business and his subsequent examination of the apartment for valuable items was to protect himself and his office, we conclude that his conduct was not illegal and the search warrant and later arrest warrant were supported by probable cause and without taint. Therefore, the denial of appellant's motion to suppress the narcotics and narcotic implements was not error.

Affirmed.