**Chris N. PERRY, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 82–1662.**

District of Columbia Court of Appeals.

Submitted Nov. 21, 1983.

Decided March 21, 1984.

As Amended April 19, 1984.

---

Chris N. Perry, pro se.

Judith W. Rogers, Corp. Counsel, Washington, D.C., at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Gary S. Freeman, Asst. Corp. Counsel, Washington, D.C., were on brief, for appellee.

Before FERREN, BELSON and TERRY, Associate Judges.

TERRY, Associate Judge:

Appellant filed this action *pro se* against the District of Columbia after being evicted from the house in which he had been living.

He seeks to recover for damages allegedly resulting from the eviction and other assertedly wrongful acts by the District and several non-parties, ranging from homosexuals to the telephone company. On the District's motion, the trial court dismissed appellant's complaint without prejudice for failure to state a claim upon which relief could be granted. Except with respect to appellant's claim of false arrest, the trial court's order was manifestly correct; accordingly, we affirm the dismissal of everything but that one claim. As to that, however, we reverse and remand for further proceedings.

I

 Preliminarily we pause to address a jurisdictional issue. Because the dismissal of a complaint, even without prejudice, is a final order, *Evans v. Schlein*, 51 A.2d 472, 474 (D.C.1946), it falls within the scope of our appellate jurisdiction. D.C.Code § 11–721(a)(1) (1981). This court has consistently held appealable the dismissal without prejudice of a criminal information or indictment. *United States v. Smith*, 330 A.2d 759, 760 n. 1 (D.C.1975); *United States v. Cummings*, 301 A.2d 229, 231 (D.C.1973); *United States v. Hector*, 298 A.2d 504, 505 (D.C.1972). We see no reason to hold such a dismissal appealable in a criminal case but not in a civil case. We recognize that some courts have held differently, *e.g., Borelli v. City of Reading*, 532 F.2d 950, 951–952 (3d Cir.1976); *Garrison v. Lacey*, 362 F.2d 798, 799 (10th Cir. 1966), *cert. denied*, 387 U.S. 911, 87 S.Ct. 1696, 18 L.Ed.2d 630 (1967), but we conclude that *Evans v. Schlein, supra*, foreclosed the development in the District of Columbia of the notion that the dismissal of a complaint is somehow different from the dismissal of a case.[1] Any imaginable distinction between the two is of no practical effect. The dismissal of a complaint, even without prejudice, is sufficiently dras-

---

1. Our implication in *Montgomery Ward & Co. v. Smith*, 412 A.2d 728, 729 n. 2 (D.C.1980), that the issue was undecided in the District of Columbia apparently failed to take the *Evans* case into account.

tic to be deemed final, and therefore appealable. *Robinson v. Federal National Mortgage Ass'n,* 673 F.2d 1247, 1249 (11th Cir.1982); *see Drake v. Southwestern Bell Telephone Co.,* 553 F.2d 1185, 1186 (8th Cir.1977).

▮ Accordingly, we hold that the dismissal of appellant's complaint, without prejudice, is a final order, and that we therefore have jurisdiction to consider this appeal.

## II

▮ A court should dismiss a complaint for failure to state a claim upon which relief can be granted[2] only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), quoted in *McBryde v. Amoco Oil Co.,* 404 A.2d 200, 202 (D.C. 1979). Only with regard to his false arrest claim was there even a remote possibility that appellant could make such a showing. As to the rest, appellant had no hope of recovery.

▮ Appellant's second amended complaint, filed in response to an order for a more definite statement, sought recovery on two theories for damages allegedly stemming from the eviction. He asserted first that he should not have been evicted at all, and that the District of Columbia was therefore liable for any damages resulting from the decision of the Superior Court which ordered his eviction. Second, he contended that the District must answer specifically for property damage which allegedly resulted from the United States Marshal's conduct in carrying out the court order.

Appellant simply cannot show any facts which would entitle him to recover from the District of Columbia on these grounds.

Whether the issuance of the eviction order was right or wrong, appellant cannot attempt to hold the District liable for its consequences. To allow him to do so would give him a *de novo* trial on the merits of the eviction. Moreover, the District of Columbia cannot be held liable for the manner in which the United States Marshal conducted the eviction. Any action for damages allegedly resulting from the Marshal's conduct lies against the Marshal's office, not against the District. *Wilson v. Bittinger,* 104 U.S.App.D.C. 403, 405–406, 262 F.2d 714, 716–717 (1958); *see also Earl v. United States,* 262 A.2d 598, 599 (D.C.1970).[3]

▮ The trial court was also completely correct in dismissing appellant's claims alleging harassment, malicious interference, and other tortious conduct by nonparties. If appellant has legitimate grievances against the telephone company or anyone else, he may pursue them elsewhere. Here, however, the *Conley v. Gibson* test is met; no matter how convincingly he may prove that the telephone company overcharged him, appellant cannot recover those overcharges from the District of Columbia. Similarly, he cannot recover damages from the District for harm done by others who are not the District's agents or employees.

▮ The trial court erred, however, in dismissing appellant's false arrest claim against the District. Appellant's second amended complaint stated that on May 13, 1982, "time around 11:49 [he] was arrested, handcuff[ed], search[ed], and lock[ed] up over night," and that the next day he "was release[d] by order of the judge, the courts had no charge to hold [him] on." It is at least conceivable that appellant could present evidence sufficient to support this claim. Obviously, he would have to prove more than the bare allegations of his complaint to recover damages from the District

---

2. *See* Super.Ct.Civ.R. 12(b)(6).

3. We do not mean to imply, of course, that such an action would be meritorious. All we are saying here is that appellant cannot sue the District of Columbia for the actions of the United States Marshal.

of Columbia, or else the court could no doubt dispose of the matter by summary judgment. But we cannot say with the required certainty that appellant could not prove *any* facts which would entitle him to relief. Therefore, we must reverse the dismissal of this one claim. *See Dormu v. Gill,* 277 A.2d 104 (D.C.1971).

In light of the utter frivolousness of appellant's other claims, we can readily understand the trial court's desire to dispose of the entire case. The better course here, however, would have been to issue another order for a more definite statement. The false arrest claim may turn out to be as meritless as all the rest, but on the present record it is too soon to tell. Accordingly, we remand the false arrest claim to the trial court for further proceedings. In all other respects we affirm the judgment below.

*Affirmed in part, reversed in part, and remanded.*