**BRANIFF AIRWAYS, Inc., v. CIVIL AERO-
NAUTICS BOARD (ESSAIR, Inc.,
Intervenor).**

No. 8722.

United States Court of Appeals
District of Columbia.

Argued Nov. 8, 1944.

Decided Jan. 29, 1945.

Mr. Roger J. Whiteford, of Washington, D.C., with whom Mr. Philip S. Peyser, of Washington, D. C., was on the brief, for petitioner.

Mr. George C. Neal, General Counsel, Civil Aeronautics Board, of Washington, D. C., with whom Messrs. Wendell Berge, Assistant Attorney General, and Edward Dumbauld, Special Assistant to the Attorney General, were on the brief, for respondent. Mr. J. Francis Reilly, of Washington, D. C., also entered an appearance for respondent.

Mr. O. R. McGuire, of Washington, D. C., for Intervenor.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is a petition to review an order of the Civil Aeronautics Board which granted to Essair, Inc., a certificate of temporary authority to engage in air transportation between Houston and Amarillo, Texas. The Board denied the application of petitioner Braniff for similar authority. Petitioner claims, also, that the grant to Essair will divert traffic from other routes which petitioner operates. Essair has intervened here.

Essair contends that the petition for review was filed late. Under the Civil Aeronautics Act an order of the Board may be reviewed "upon petition, filed within sixty days after the entry of such order," or later on "leave of court upon a showing of reasonable grounds for failure to file the petition theretofore."[1] The petition was filed some months after the date of the Board's original order, but within sixty days after the Board had denied a motion for rehearing. The Act makes no express provision for rehearings. The Board has a rule that a

---

[1] 49 U.S.C.A. § 646.

petition for rehearing shall not operate to stay an order unless the Board specifically so orders. In this case the Board denied a request for a stay. Essair contends that the order was not stayed, and that it was therefore necessary to file the petition within sixty days of the date of the order. But we cannot review an order until administrative remedies have been exhausted. For purposes of review, therefore there was no final order until the rehearing was denied.[2] It follows that the present petition was timely.

The Board is authorized to issue a certificate "if it finds that the applicant is fit, willing, and able to perform such transportation properly * * * and that such transportation is required by the public convenience and necessity." [3] The Act does not define "fit, willing and able" but the Board has established these tests: (1) a proper organizational basis for the conduct of air transportation; (2) a plan for the conduct of the service made by competent personnel; (3) adequate financial resources. The Board found that Essair had made a sufficient showing to entitle it to a temporary certificate for an experimental period of three years. In our opinion the evidence which supported this finding, when made, was substantial. But the only evidence of a proper organizational basis related to the qualifications of one man, S. W. Marshall, Essair's president and majority stockholder.[4] In its motion to the Board for a rehearing, petitioner alleged that none of the men who were serving Essair at the time of the hearing were any longer connected with it. The Board's brief impliedly concedes that Marshall was no longer available to Essair, for it concedes that he is "presently" overseas as a Major in the Army Air Forces. Since there is no evidence that Essair, without Marshall, has a proper organizational basis, we think that in denying the motion for rehearing without opinion the Board abused its discretion.[5] A new hearing should be held and the present facts determined.

We find no merit in petitioner's contentions that Essair did not properly apply for a temporary certificate and that the Board has no power to issue temporary certificates for experimental purposes.

Reversed.

---

[2] Southland Industries v. Federal Communications Commission, 69 App.D.C. 82, 99 F.2d 117.

[3] 49 U.S.C.A. § 481(d).

[4] The Board says in its brief: "It is not unusual that in an operation, such as Essair's, which employed only three pilots, only one man (assisted by his stockholders and directors) should constitute the backbone of the company."

[5] Atchison, etc., R. Co. v. United States, 284 U.S. 248, 52 S.Ct. 146, 76 L.Ed. 273.