## McCALISTER v. COLUMBIA CREDIT CO., Inc.

### No. 1111.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 3, 1951.

Decided Nov. 9, 1951.

Rehearing Denied Dec. 3, 1951.

Arthur L. Willcher, Washington, D. C., Jack Politz, Washington, D. C., on the brief, for appellant.

Jacob C. Lish, Washington, D. C., Bernard Margolius, Washington, D. C., on the brief; for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Howard M. McCalister bought a used automobile from Metropolitan Motor Sales for $1572. His trade-in and cash payment amounted to $495. Though the balance came to $1077, he executed a conditional sale agreement which provided for $1572, payable in twenty-four monthly payments of $65.50. This agreement was on the same day assigned to Columbia Auto Loan, Inc., trading as Columbia Credit Co.

Two months later McCalister sued Columbia Credit charging that the contract was usurious, not enforceable, and in contravention of law. He demanded that the lien of said company be removed from his certificate of title and offered to pay into court any payments which the court might order. The complainant charged that defendant credit company had an arrangement with the automobile dealer for financing deferred time payments and for paying back to the dealer "a certain part of the finance charges exacted from the plaintiff and other customers." The complaint went on to recite that in pursuance of such agreement the dealer referred plaintiff to the credit company and he was required to sign the conditional sale contract; that defendant paid over to plaintiff the sum of

$1000 with which to complete the sale and at that time advised him that insurance covering fire, theft, collision and upset had been placed by it for plaintiff's benefit; that plaintiff had since learned that the defendant was not licensed to sell insurance in the District of Columbia; that no policies of insurance were in fact actually written in his behalf, and that policies written by defendant were null and void. He further alleged that defendant is engaged in the business of lending money at rates of interest in excess of six per cent, without a license. Defendant's answer consisted of general as well as specific denials.

Later defendant took plaintiff's deposition and thereafter filed a motion for summary judgment. In connection with that motion defendant also submitted an affidavit of an official of the defendant credit company making complete denial of all the essentials of plaintiff's complaint. The motion was argued and taken under advisement, and in a written memorandum the trial court later granted summary judgment. Plaintiff promptly filed a motion for leave to file an amended complaint. This was overruled, no reason being given. Plaintiff brings this appeal and assigns as separate errors the granting of summary judgment and the refusal of leave to amend.

Before considering the merits, we must decide a motion to dismiss made by appellee on the ground that the notice of appeal was improperly taken from the order denying leave to amend and that the appeal was not timely taken. Our rule 27(d) provides that when a motion has been seasonably filed for a new trial or for judgment notwithstanding the verdict, or to vacate or modify an order, finding, or judgment, the time limitations fixed by us for noting an appeal shall not begin to run until disposition of such motion. In a similar situation we have held that it was obvious that the appeal was intended to be from the order granting judgment, that the motion for rehearing extended the time for appealing and that under these circumstances we may treat the notice as an appeal from the judgment. Diatz v. Washington Technical School, D.C.Mun.App., 73 A.2d 227, affirmed, Sobel v. Diatz, D.C.Cir., 189 F.2d 26. To the same effect is Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782.

We cannot agree with appellee's contentions that the appeal was filed improperly or late. The granting of summary judgment was not announced in open court, but notice thereof went to counsel by mail. Promptly after receiving such notice appellant filed his motion for leave to amend. It cannot be contended that such motion "was without procedural standing."[1] Nor is there anything to indicate that it was a mere delaying tactic or adopted for the purpose of creating an enlarged time for noting appeal. On the contrary, moving for leave to amend is a familiar if not indeed an almost universal practice and the only means a plaintiff has of obtaining an opportunity to restate his case when his first complaint has been held insufficient. If he had noted an appeal before filing such motion, the trial court might understandably have felt that it had no further jurisdiction and could not entertain the motion for leave to amend. The case would then have been in a procedural stalemate. Hence it seems to us that appellant took the only course open to him and that when leave to amend was refused, he had a right to note his appeal and prosecute it.

We turn to the merits of the appeal. In view of what we are about to rule as to the refusal of leave to amend, we need not discuss at any length the correctness of the earlier ruling granting summary judgment. It is enough to say that the very nature of the charge,—usury plus an unlawful arrangement between the credit company and the dealer,—is such that a plaintiff cannot always be expected to disclose his evidence in advance and in detail. Frequently he must develop his evidence by defendant's witnesses or records.

1. Albertson v. Federal Communications Commission, 87 U.S.App.D.C. 39, 182 F.2d 397, 399.

We think it was error to deny appellant's motion for leave to file an amended complaint. In connection with that motion he presented an affidavit made by Floyd C. Metcalf, the dealer who owned and operated Metropolitan Motors and who personally handled the sale to McCalister. In the affidavit Metcalf said that McCalister advised him he could not raise the money to finance the deal, and then, "On behalf of the plaintiff I called the Columbia Credit Company, Inc., and spoke to David Glassman who was an officer of the Columbia Credit Company, Inc. I advised him that I had sold a 1948 Studebaker automobile to Howard M. McCalister and asked him *what he would charge for a loan of $1,000.00.* Mr. Glassman advised me *that their charge for a period of twenty-four months would be $572.00* which would include interest and a $100.00 deductible insurance policy. I was to write the contract up as a conditional sales contract with a time-payment price *so that it would not appear as though the Columbia Credit Company, Inc., had made a loan* but instead had purchased a contract from me. *This was a device used at the suggestion of the Columbia Credit Company, Inc., to evade any question of usury for charging interest in excess of six per cent per annum.* This was the method used by the Columbia Credit Company, Inc., for doing business and I handled other transactions through the Columbia Credit Company, Inc., on the same basis." (Emphasis supplied.)

This affidavit should not have been ignored. The information it contained (which plaintiff says he was unable to obtain earlier because of Metcalf's hostility) was such as to remove any doubt as to whether there were issues of fact. In possession of this new information, plaintiff was in a position to recast his complaint, to take new depositions of his own, and to develop his charge of usury with greater certainty and clarity. In such a situation an amendment of the pleadings was not only justified but required, so as to enable the court and parties to reach the merits of the case. Rossiter v. Vogel, 2 Cir., 134 F.2d 908.

Reversed with instructions to grant plaintiff's motion for leave to amend.

Judge CLAGETT sat during the argument of this case, but died before it was decided.