**Morris H. GARDNER, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, and United States of America, Respondents.**

**No. 75–1562.**

United States Court of Appeals, District of Columbia Circuit.

Submitted Without Argument 9 Jan. 1976.

Decided 3 March 1976.

---

Ralph I. Knowles, Jr., University, Ala., was on the brief for petitioner.

Ashton R. Hardy, Gen. Counsel, Daniel M. Armstrong, Acting Associate Gen. Counsel, and Stephen A. Sharp, Counsel, F.C.C., Washington, D. C., were on the brief for respondent.

Before LEVENTHAL and WILKEY, Circuit Judges, and BRYAN,* United States District Judge for the Eastern District of Virginia.

Opinion for the Court filed by Circuit Judge WILKEY.

WILKEY, Circuit Judge:

Petitioner Gardner comes before us to appeal the FCC's denial of his petition for reconsideration of a decision dealing with the Commission's personal attack rule.[1] Because the denial of reconsideration rested solely on failure to file within the statutory period, we are not here concerned with the merits of Gardner's claim. Rather, this petition requires us to determine what notice of the decisions reached in Commission proceedings, if any, must be given to participants therein, and what effect the failure to give such notice has on the running of the limitation period for petitions for reconsideration.

■ Petitioner complained to the FCC on 23 April 1973 that certain statements broadcast by radio station WACT in Tuscaloosa, Alabama, on 22 February 1973, had constituted a personal attack triggering the remedial measures of 47 C.F.R. § 73.123.[2] A Commission inquiry of 30 April 1973 drew a response from the licensee dated 2 May 1973, and a supplemental response dated 30 May 1973. In spite of the licensee's arguments that the rule was not triggered

because the broadcast statements were neither an attack on character, nor made in the course of discussion of a controversial issue of public importance,[3] the Commission, on 30 January 1974, issued a Notice of Apparent Liability in the amount of $1000.[4]

The licensee responded to the Notice of Apparent Liability on 11 March 1974, with further factual allegations buttressing its view that the personal attack rule was not applicable. After two more responses by Petitioner and a final offering by the licensee, the Commission, on 29 October 1974, reversed its previous position and concluded that no violation of the rule had occurred[5]—eighteen months previously.

The issues before us arise from the events which subsequently took place. Although FCC regulations command that opinions and orders are to be sent to the parties to the actions in which they issue,[6] the Commission failed to give any notice to Mr. Gardner of the decision which it had reached. According to Petitioner's counsel, he learned of the decision quite inadvertently during "the second week in November, 1974," received a copy of the order after personal inquiry "on or about" 20 November 1974, and mailed a petition for rehearing on 27 November 1974.[7] According to the Commission, this petition was not received until 2 December 1974, thirty-four days after the 29 October decision which it sought to appeal. In a decision released 8 May 1975, over two years after the personal attack complained of, the Commission denied the petition on the ground that it had not been filed within

---

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

1. 47 C.F.R. § 73.123 (1974).

2. This complaint was first filed on 12 March 1973, but was resubmitted on 23 April 1973 in a form more appropriately addressing the issues raised by the personal attack rule. *Memorandum Opinion and Order*, 49 F.C.C.2d 406 (29 October 1974).

3. Licensee also argued that the case was mooted by licensee's offer of 2 May 1973, to allow petitioner air time to respond. *Id.* at 407. Because the determination of a personal attack may trigger other sanctions than the assurance

of a reply opportunity, not the least of which is a substantial fine, it is clear that such an offer does not moot the controversy as a whole. The issue of whether it does remove Petitioner's standing to proceed further will be considered *infra*.

4. The fine was assessed pursuant to 47 U.S.C. § 503(b)(1)(B) (1970).

5. The procedural history of the case is set out in detail in the *Memorandum Opinion and Order, supra* note 2.

6. 47 C.F.R. § 0.445(a) (1974).

7. *Petitioner's Brief* at 1.

thirty days after public notice of the decision was given, as required by 47 U.S.C. § 405 (1970).[8]

The gist of Petitioner's claim on appeal is that the denial of personal notice made it extremely difficult for him to file his petition within the thirty day statutory period, and that it was therefore improper for the Commission to deny his petition on the ground of untimeliness. Two legal issues are thus presented. First, Petitioner must show that he had a legal right to receive notice of the decision. Second, he must establish that entertainment of the petition is justified, in this case, in light of the failure to give such notice.

## I. RIGHT TO NOTICE

The FCC argues that there is no legal requirement that it give personal notice to parties as to the decisions that it reaches. In particular, it cites the language of 47 U.S.C. § 405, which sets forth the limitation period on petitions for rehearing as "thirty days from the date upon which *public* notice is given", and which contains no requirement of *personal* notice.[9] The Commission concedes that its usual practice, as set forth in regulation, is to send copies of its decisions to the parties, but argues that this is done as a matter of courtesy and is not legally required.

Contrary to the Commission, we hold that Petitioner was entitled to the notice denied here, on at least two separate and independent legal grounds. First, such notice is explicitly required

by section 6(d) of the Administrative Procedure Act.[10] Second, it is also required in light of the established Commission practice of providing such notice, under the principle that an agency is bound to obey its own rules.[11]

The Administrative Procedure Act requires that prompt notice be given of any denial of a written request in connection with any agency proceeding.[12] It is clear that the FCC action at issue is a denial of a written request to the Commission. It is likewise clear from the definitions given within the Act that this case involves an "agency proceeding" to which this section *prima facie* applies.[13]

There is no basis here for finding a special exception to the section's applicability. It is true, as respondent alleges, that 47 U.S.C. § 405 does not contain any reference to personal notice. However, neither does it purport on its face to be the *exclusive* source of Commission notice obligations, and it does not follow that the obligation does not exist, simply because it is not contained in that section. Nor may the Commission assert that compliance with section 6(d) would impose undue burdens upon it, since its usual practice is to provide such notice as a matter of course. Thus the notice requirement is applicable and was violated by the Commission in this case.

Quite apart from the Administrative Procedure Act, we hold that the failure to give notice is also objectionable as a violation of established procedures, publicly announced by the Commission itself.

---

**8.** *Memorandum Opinion and Order*, 53 F.C. C.2d 87 (8 May 1975).

**9.** *Respondent's Brief* at 7; (emphasis supplied).

**10.** 5 U.S.C. § 555(e) (1970).

**11.** *Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); *Nader v. Nuclear Regulatory Comm'n.*, 168 U.S.App.D.C. 255, 261, 513 F.2d 1045, 1051 (1975); *Borough of Lansdale v. FPC*, 161 U.S.App.D.C. 185, 194, 494 F.2d 1104, 1113 (1974).

**12.** Section 6(d), 5 U.S.C. § 555(e) (1970).
   Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding. Except in affirming a prior de-

nial or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial.
   In addition to notice of the fact of denial, a statement of grounds must be given which is "sufficient to advise the party of the general basis of the denial." *Attorney General's Manual on the Administrative Procedure Act* 70 (1947). There is no issue presented here as to the form of notice required under § 6(d), since no notice at all was given.

**13.** The FCC is an "agency". 5 U.S.C. § 551(1). The order appealed from was the resolution of an "adjudication," 5 U.S.C. § 551(7), which qualifies as an "agency proceeding". 5 U.S.C. § 551(12).

The Commission's own regulations announce that "[a]ll opinions and orders of the Commission . . . are nailed [*sic*] to the parties . . .,"[14] and the failure to do so here violates the general principle of administrative law that an agency is bound by its own rules.[15] The argument for requiring consistent adherence to established and announced procedures is especially clear in this case. Once having stated that it will give such notice, the Commission has created a reasonable expectation in the parties to the proceeding that such notice will be received. While it may not be the safest practice, there appears no compelling reason why a party ought not to rely on this assurance of notice as his sole means of learning that his case has been decided. Thus having created the expectation, the Commission ought not to be heard to say that its own rule does not create a legal burden of giving notice.

## II. PETITIONER'S RIGHTS IN LIGHT OF FCC FAILURE TO GIVE NOTICE

Although the Commission clearly breached its duty to give notice, there remains two hurdles in Petitioner's path if he is to establish his right to some judicial relief. First, he must demonstrate that he has standing to pursue the matter, even after the radio station has offered him an opportunity to reply. Second, if he has standing, he must further show that entertainment of the petition is proper, in spite of the apparent contradiction of the thirty day filing provision of section 405.

■ There appears to be no question that the licensee has offered Gardner an opportunity to respond to the attacks made upon him.[16] It also appears that the response opportunity is the essence of the relief that the personal attack rule makes available to him.[17] The argument can thus be made that Petitioner has been offered everything he stands to gain, and therefore lacks standing to pursue the matter further.

■ The adjudication in the Commission, upon which this appeal is based, was not an Article III proceeding to which either the "case or controversy" or prudential standing requirements apply. Within their legislative mandates, agencies are free to hear actions brought by parties who might be without party standing if the same issues happened to be before a federal court. The agencies' responsibility for implementation of statutory purposes justifies a wider discretion, in determining what actions to entertain, than is allowed to the courts by either the constitution or the common law.[18] Thus, there is no doubt but that the agency was within its discretion in choosing to hear this case under the provisions of its personal attack rules. There is likewise no doubt as to Gardner's standing to petition for rehearing, since the rehearing provision itself confers such standing on parties to the proceeding.[19]

■ We also hold that Petitioner has standing before this court to challenge the Commission on the grounds he has alleged. Once having determined to en-

---

**14.** 47 C.F.R. § 0.445(a) (1974).

**15.** *See* cases cited note 11, *supra.*

**16.** 49 F.C.C.2d at 407.

**17.** In addition to the response opportunity, 47 C.F.R. § 73.123 requires the station, within one week, to give notification of the date, time and identification of the broadcast, and to provide a script or tape (or, if neither is available, an accurate summary) of the attack.

The station is also subject to a fine of up to $1000 per day, under 47 U.S.C. § 503(b)(1)(B) (1970). None of the money paid by a violator would go to the complaining party, and thus the possibility of a fine is not a matter of immediate economic interest to the Petitioner.

**18.** *See San Antonio v. CAB,* 126 U.S.App.D.C. 112, 117, 374 F.2d 326, 331 (1967). In this respect, adjudicative agencies are really a type of "legislative court," which operate free from the restrictions of Article III. *See* Wright, Federal Courts § 11 (2d Ed. 1970).

**19.** 47 U.S.C. § 405 (1970).

After an order, decision, report, or action has been made or taken in any proceeding by the Commission, . . . any party thereto, or any other person aggrieved or whose interests are adversely affected thereby, may petition for rehearing . . . .. A petition for rehearing must be filed within thirty days from the date upon which public notice is given of the order, decision, report, or action complained of.

tertain the complaint, an agency assumes an obligation to assure that the proceeding satisfies the basic procedural requirements set forth in its own regulations and in the Administrative Procedure Act. Whatever would be their standing in a court of law on the merits of the matter before the Commission, participants in an agency action have an undeniable interest in seeing to it that the procedural rights guaranteed them by law are respected.[20] Petitioner comes before this court alleging just such procedural violations, and we therefore conclude that his standing is adequately demonstrated.

It remains to be determined what relief may properly be accorded this petitioner in light of our conclusion that the Commission failed to give the notice required by law. The only meaningful relief would be a remand to the Commission for reconsideration of its denial of the motion for rehearing, with the instruction that the lateness of the filing is not a proper ground for denial. To determine if that is proper we must scrutinize more closely the statute and the case law.

■ At the outset we can reject the theory advanced by Petitioner that the Commission's denial was improper because the filing period runs from the date of personal notice, and no such notice was given here. The statute is entirely clear that the thirty-day filing period runs ". . . from the date upon which public notice is given . . ." It is established that public notice, under section 405, occurs when the full text of a decision becomes publicly available.[21]

Thus under usual circumstances, where personal notice is given within a reasonable time, the filing period will expire thirty days after the full decision or order becomes available to the public.

■ Where personal notice is not given within a reasonable time, or, as here, not given at all, the apparent commandment of section 405 that a rehearing petition "must" be filed within thirty days has somehow to be reconciled with the general concern for procedural fairness. In the face of defective personal notice, fairness considerations may indicate that the thirty day filing requirement should be waived or extended.

It appears that the seemingly mandatory language of section 405 does not prevent the entertainment of rehearing petitions beyond the statutory period where extraordinary circumstances indicate that justice would thus be served. The Commission retains jurisdiction over matters before it until the time for judicial appeal has expired.[22] During that time, it is obligated to reconsider, on its own motion if necessary, decisions which appear questionable in light of subsequent developments.[23] We see no reason why the Commission's continuing jurisdiction ought not also support rehearing on the untimely petition of a party, where the late filing is in some sense attributable to a procedural violation by the Commission.

■ It appears to us that the late filing in this case was due, in substantial measure, to the FCC's omission to give Petitioner personal notice of any kind.[24] Having procured a copy of the Commis-

---

**20.** Section 10(a) of the Administrative Procedure Act, 5 U.S.C. § 702 (1970), confers standing to seek judicial review on anyone "suffering legal wrong because of agency action." A party denied recognized procedural rights, in an action before the FCC, clearly suffers such a legal wrong. *See Overseas Media Corp. v. McNamara,* 128 U.S.App.D.C. 48, 57–58, 385 F.2d 308, 317–18 (1967), *quoting Gonzalez v. Freeman,* 118 U.S.App.D.C. 180, 184–185, 334 F.2d 570, 574–75 (1964).

**21.** *Microwave Comm. v. FCC,* 170 U.S.App. D.C. 154, 515 F.2d 385 (1974).

**22.** *Radio Station KFH Co. v. FCC,* 101 U.S. App.D.C. 164, 167 n. 2, 247 F.2d 570, 573 n. 2

(1957); *Albertson v. FCC,* 87 U.S.App.D.C. 39, 43, 182 F.2d 397, 401 (1950).

**23.** *See Enterprise Co. v. FCC,* 97 U.S.App.D.C. 374, 379, 231 F.2d 708, 713 (1955).

**24.** Out of an abundance of caution, we add this footnote to prevent our opinion from being seized upon to open up excessive collateral controversy on matters of notification. We emphasize that the failure to issue a prompt notification does not affect the validity of the decision made, but only the question of the time allowed to file for reconsideration. Even at that, a defect in mailing notification will have legal consequence only where the delay in notification in fact makes it impossible rea-

sion decision by his own efforts with approximately nine days remaining in the filing period, counsel endeavored to prepare a petition for rehearing which would be received before the 30 day period expired. The petition was mailed with one day remaining in the period, but did not arrive at its destination until five days later—four days after the § 405 period had expired. It appears highly likely that reasonably prompt personal notice would have eliminated the severe time pressure that was placed on Petitioner's counsel, and thus would have allowed for the petition to be mailed well before the expiration of the period.

We therefore hold that the Commission abused its discretion in rejecting Gardner's petition for rehearing on the ground of untimeliness. The matter is remanded to the Commission to rule again on the motion for rehearing, with the instruction that, in view of its failure to notify personally the party of its initial ruling, the Commission may not deny the rehearing petition because it was received four days after the statutory period expired.

*So ordered.*

sonably for the party to comply with the filing statute. A petitioner has a burden to show (a) when and how he received notice in fact, (b) that the time remaining was inadequate to allow him reasonably to meet the 30-day requirement (from date of issuance) of § 405, and (c) that he moved for reconsideration promptly on receiving actual notice. Because persons directly affected typically become aware of rulings and decisions, through items in the general or trade press, before the official letter arrives from the agency's secretary, it will be an extraordinary case, such as the one before us, where a petitioner can meet that burden.