The WAY OF LIFE TELEVISION NETWORK, INC., Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee, Guaranty Broadcasting Corp., Intervenor.

No. 78–1038.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 17, 1979.

Decided Feb. 8, 1979.

As Amended March 16, 1979.

As Amended March 16, 1979.

---

John H. Midlen, Jr., Washington, D. C., for appellant.

Roberta L. Cook, counsel, F. C. C., Washington, D. C., with whom Robert R. Bruce, Gen. Counsel, Daniel M. Armstrong, Associate Gen. Counsel, and Keith H. Fagan, Counsel, F. C. C., Washington, D. C., were on the brief, for appellee.

James A. McKenna, Jr., Thomas N. Frohock and R. Michael Senkowski, Washington, D. C., were on the brief, for intervenor.

Before McGOWAN and MacKINNON, Circuit Judges, and OBERDORFER,*, United States District Court Judge for the District of Columbia.

Opinion for the Court filed by MacKINNON, Circuit Judge.

MacKINNON, Circuit Judge:

Appellant, a prospective applicant for a comparative hearing on mutually exclusive applications for a license to operate Channel 11 in Houma, Louisiana, seeks reversal of an order of the Federal Communications Commission (Commission) denying its request for a waiver of the Commission's cut-off date for filing applications. Appellant found out about the deadline on the cut-off date and immediately requested an extension of the cut-off date. Three weeks later it filed an application. In requesting a waiver of the cut-off date, appellant claimed that it lacked actual knowledge of the cut-off date for Channel 11 applicants and that, because it alone among the applicants offered exclusively local programming, the public interest would be served by granting its request for waiver. The Commission denied the request on the grounds that appellant had failed to exercise due diligence in ascertaining the Commission's rules and that it had cited no compelling circumstances warranting waiver in this case. *Way of Life Television Network, Inc.*, 67 F.C.C.2d 90 (1977).

While this appeal was still pending, appellant discovered that the Commission had neglected to publish the cut-off date in the Federal Register as required by section 1.572(c) of the Commission's rules. This section provides:

> [T]he Commission will periodically publish in the *Federal Register* a Public Notice listing applications which are near the top of the processing line and announcing a date (not less than 30 days after publication) on which the listed applications will be considered available and ready for processing and *by which all applications must be filed if they are to be grouped with any of the listed applications.*

47 C.F.R. § 1.572(c) (1977) (emphasis added). This Public Notice, required by the Commission's rules in order to establish a cut-off date, has *never* been published in the Federal Register. App. at 9.

Section 1.572(c), together with the Commission's rule on consolidation of conflicting applications, makes publication of the cut-off date in the Federal Register a condition precedent to the processing of applications. Before passing on a request for waiver of a cut-off date, the Commission has an affirmative duty to ensure that the date has been promulgated in accordance with the Commission's rules and applicable statutes. The Commission failed to perform that duty in this case. Consequently, the putative cut-off date was never validly promulgated and thus is without force against one without actual knowledge thereof. *See Gardner v. FCC*, 174 U.S.App.

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

D.C. 234, 237–238, 530 F.2d 1086, 1089–90 (1976). The Commission therefore cannot find that the petitioner was "dilatory" because no valid cut-off date had been established. It is a "well-settled rule that an agency's failure to follow its own regulations is fatal to the deviant action." *Union of Concerned Scientists v. Atomic Energy Commission*, 163 U.S.App.D.C. 64, 77, 499 F.2d 1069, 1082 (1974); *see Vitarelli v. Seaton*, 359 U.S. 535, 539, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959); *Service v. Dulles*, 354 U.S. 363, 379, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957).

■■ The foregoing presumes our rejection of the Commission's assertion that 47 U.S.C. § 405 prevents our consideration of its failure to publish the cut-off date in the Federal Register. Section 405 sets forth the general rule that "a petition for rehearing shall not be a condition precedent to judicial review." This general rule does not apply when "the party seeking such review . . . relies on questions of fact or law upon which the Commission, or designated authority within the Commission, *has been afforded no opportunity to pass.*" (Emphasis added). This exception which operates as a proviso, is to be strictly construed. *United States v. Morrow*, 266 U.S. 531, 534, 45 S.Ct. 173, 69 L.Ed. 425 (1925); *United States v. Dickson*, 40 U.S. (15 Pet.) 141, 162, 10 L.Ed. 689 (1841); *United States v. Ewing*, 140 U.S. 142, 148, 11 S.Ct. 743, 35 L.Ed. 388 (1891). "The question whether there has been adequate compliance with the prescribed prerequisites to judicial review cannot be answered mechanically. It involves consideration of the purpose of the requirement, the type of issue, and the nature of the party." *Joseph v. FCC*, 131 U.S.App. D.C. 207, 404 F.2d 207, 210 (1968).

The "fact" and "law" which are involved here are, respectively, (1) that the Commission failed to comply with its own regulation requiring publication of the public notice implementing the cut-off date, and (2) that, therefore, no legal cut-off date was established. In our judgment, the Commission not only had an opportunity to determine whether the required publication requirement had been complied with and to pass on the validity of the cut-off date when it upheld that date against appellant, but it also had an obligation to do so before it ruled appellant's application untimely. Appellant argued before the Commission that it lacked actual notice of the cut-off date. In the face of that assertion and in view of the Commission's responsibilities under its own regulations, the Commission, in considering whether to waive, was obligated to make sure that a valid cut-off date had been fixed in accordance with the agency regulation that would have rendered appellant's application untimely. Its opinion, based as it is on the validity of the cut-off date, implicitly includes the assumption that it had exercised that opportunity to review the facts and the law as to the validity of the cut-off date and had determined that the cut-off date was valid. In fact, the Commission still argues that petitioner is legally bound by the cut-off date. We disagree.

In this connection the Commission has referred us to a number of cases to demonstrate its adherence to the cut-off procedure. A close examination discloses, however, that in many of those cases no Federal Register publication of a specific date was required. *See, e. g., Prairie Broadcasting Co.*, 47 F.C.C.2d 373 (1974); *Pitronics, Inc.*, 32 F.C.C.2d 325 (1971). In at least one of the cases in which publication in the Federal Register was required, the Commission made a point to cite the specific issue of the Federal Register in which the Public Notice had been published, even though no question of publication had been raised. *Camelot, Inc.*, 61 F.C.C.2d 15 (1976). The Commission's opinion in *Camelot* referred to *both* the Public Notice and the notice in the Federal Register:

> The Lakes Region application was listed with the cut-off date of January 30, 1976, in the Commission's Public Notice released December 18, 1975, and published in the Federal Register on January 6, 1976 (41 FR 1126).

61 F.C.C.2d at 15.

In its memorandum opinion in this case, the Commission referred to its Public Notice specifying the cut-off date, but did *not* (as in *Camelot*), for it could not, refer to any publication of that date in the Federal

Register, which publication was required by its own regulations in order to establish a valid cut-off date. Although inconclusive, these factors raise a strong suspicion that the personnel of the Commission who were charged with the responsibility of preparing the memorandum opinion became aware at that time, at the latest, that the cut-off date had *not* been published in the Federal Register. If they did not do so they were negligent; they certainly had the "opportunity."

In any event, "section 405 is not inflexible; it leaves room for the operation of sound judicial discretion to determine whether and to what extent judicial review of questions not raised before the agency should be denied." *Great Falls Community TV Cable Co. v. FCC,* 416 F.2d 238, 239 (9th Cir. 1969). We find that the peculiar facts of this case and the harmless error argument advanced to this court in support of the Commission's refusal to review the cut-off date indicate that a remand to the Commission for reconsideration is unnecessary and would be an exercise in futility. *Cf. Hormel v. Helvering,* 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037 (1941). The public record indicates conclusively that the cut-off date was not properly published and the agency does not contend otherwise. No hearing is required to establish the controlling fact and the legal consequences are self evident.

The sole issue before this Court is whether the Commission acted in an arbitrary and capricious manner when it denied appellant's motion to waive the cut-off date. We hold that it did, and accordingly, that the Commission must consider appellant's application, in accordance with Commission regulations, as a competing application together with the five other applications. Nothing in this opinion should be interpreted as indicating a view on the merits of any of these applications, or as otherwise affecting the rights of applicants subject to the cut-off date set out in the Commission's Public Notice. Reversed and remanded for further proceedings in accordance with this opinion.

*Judgment accordingly.*