The NATIONAL BLACK MEDIA COALITION, et al., Appellants,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

Heritage Village Church & Missionary Fellowship, Inc., David Livingstone Missionary Foundation, Inc., Intervenors.

No. 83–2062.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 8, 1985.

Decided April 26, 1985.

David E. Honig, Washington, D.C., for appellants.

David Silberman, Counsel, F.C.C., Washington, D.C., with whom Bruce E. Fein, General Counsel, and Daniel M. Armstrong, Counsel, F.C.C., Washington, D.C., were on the brief, for appellee.

Lee Jay Peltzman, Washington, D.C., with whom B. Jay Baraff and Aaron Shainis, Washington, D.C., were on the brief, for intervenor David Livingstone Missionary Foundation, Inc.

Ashton R. Hardy, New Orleans, La., and James J. Popham, Washington, D.C., were on the brief, for intervenor Heritage Village Church and Missionary Fellowship, Inc.

Before BORK, SCALIA and STARR, Circuit Judges.

Opinion for the court filed by Circuit Judge SCALIA.

SCALIA, Circuit Judge:

The National Black Media Coalition and six other parties ("appellants") appeal from

the Federal Communications Commission's refusal to designate for hearing an application for assignment of the television license for WJAN–TV in Canton, Ohio. Contending that appellants had failed to file their appeal with this court within the time period prescribed by statute, 47 U.S.C. § 402(c) (1982), the Commission filed a motion to dismiss for lack of jurisdiction. Appellants respond that their filing was proper because its lateness was caused by the Commission's failure to give them personal notice of its decision, in violation of its own rules and the Administrative Procedure Act. The issue before us is whether the statutory requirement that appeals must be filed within thirty days of public notice of Commission decisions can be tolled by the Commission's violation of law regarding personal notice to parties.

I

In 1979, the Commission initiated a non-public investigation to examine whether PTL of Heritage Village Church and Missionary Fellowship, Inc. ("PTL"),[1] the licensee of WJAN–TV, was subject to license revocation because of violations of 18 U.S.C. § 1343 (1982), outlawing "[f]raud by wire, radio, or television." *See PTL of Heritage Village Church and Missionary Fellowship, Inc.*, 71 F.C.C.2d 324 (1979). While the investigation was still underway, PTL sought to assign its license to intervenor David Livingstone Missionary Foundation, Inc. Acknowledging the Commission's general policy against granting assignments when an assignor's character qualifications are in question, *see Stereo Broadcasters, Inc. v. FCC*, 652 F.2d 1026, 1027 (D.C.Cir.1981); *Jefferson Radio Co. v. FCC*, 340 F.2d 781, 783 (D.C.Cir.1964), PTL filed a Petition for Special Relief, which the Commission granted by order announced on December 8, 1982. Commissioner Jones and Commissioners Fogarty and Rivera issued dissenting statements. *See* FCC Report No. 18597.

The appellants then filed two separate petitions for reconsideration on January 7, 1983, setting forth assignments of error that we need not recite here. Oppositions to the petitions for reconsideration and replies to the oppositions were filed, and in a Memorandum Opinion and Order adopted on August 12, 1983, and released on August 17, 1983, the petitions were denied. *PTL of Heritage Village Church and Missionary Fellowship, Inc.*, 54 RAD.REG.2d (P & F) 824 (1983). Appellants maintain that they were not sent personal notice of this denial, that they learned of it only when a representative of the National Black Media Coalition directly contacted the Commission on September 29, 1983, and that they were able to obtain a copy of the order only on September 30, 1983. For purposes of this appeal, we take all that to be true (though we note the Commission's contention, based on its investigation, that personal notice was mailed).

On October 7, 1983, seven weeks after release of the order, appellants filed the present appeal. The Commission and intervenors PTL and David Livingstone argue that the appeal was not timely filed, that appellants have no standing, and that the Commission's denial of the petitions for rehearing was valid on several independent grounds. We reach only the first of these issues.

II

This appeal is brought pursuant to 47 U.S.C. § 402(b) (1982), and is therefore subject to the requirement of 47 U.S.C. § 402(c) that "[s]uch appeal shall be taken by filing a notice of appeal with the court within thirty days from the date upon which *public notice* is given of the decision or order complained of" (emphasis added). This time limitation is jurisdictional, and if the present appeal cannot be brought within the terms of the statute, it must be dismissed. *See Microwave Communications, Inc. v. FCC*, 515 F.2d 385, 389 (D.C. Cir.1974). Public notice of the Commis-

---

**1.** PTL was subsequently liquidated by its parent, intervenor Heritage Village Church and Mis- sionary Fellowship, Inc. We refer to PTL as the relevant party throughout this opinion.

sion's denial of appellants' petitions for reconsideration was given on August 18, 1983; the October 7 notice of appeal was therefore outside the statutory thirty-day time period by almost three weeks.[2]

■ Appellants do not dispute this, but argue that their late filing was caused by the Commission's failure to provide them with personal notice of its decision, in violation of its own rules, 47 C.F.R. § 0.445(a) (1984), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(e) (1982). They claim that they reasonably relied on the Commission to provide the legally required notification, and that the otherwise applicable deadline must therefore be extended lest the Commission profit from its own violation of law.

We cannot agree. Section 402(c) makes *public* notice, not *private* notice, the operative event for purposes of the running of the statutory filing period, and it makes no exception for *excusable* failure to file within thirty days of proper public notice. Moreover, Federal Rule of Appellate Procedure 26(b) explicitly provides that "the court [may not] enlarge the time prescribed by law for filing a ... notice of appeal from [ ] an order of an administrative agency, board, commission or officer of the United States, except as *specifically* authorized by law" (emphasis added). We cannot disregard the plain meaning of these provisions.

Appellants argue that this case is controlled by *Gardner v. FCC*, 530 F.2d 1086 (D.C.Cir.1976). We think not. There, because "[i]t appear[ed] to us that the late

filing ... was due, in substantial measure, to the FCC's omission to give Petitioner personal notice of any kind," 530 F.2d at 1091, we held "that the Commission abused its discretion in rejecting Gardner's petition for rehearing on the ground of untimeliness," *id.* at 1092. Central to our reasoning, however, was the following:

> The Commission *retains jurisdiction* over matters before it until the time for judicial appeal has expired. During that time, it is obligated to reconsider, on its own motion if necessary, decisions which appear questionable in light of subsequent developments. We see no reason why the Commission's *continuing jurisdiction* ought not also support rehearing on the untimely petition of a party, where the late filing is in some sense attributable to a procedural violation by the Commission.

*Id.* at 1091 (footnotes omitted) (emphasis added). In this case, however, appellants are asking us to *create* for ourselves otherwise nonexistent jurisdiction, in a fashion that cannot be grounded in the statutory text. While the Commission may, and can even be required to, waive nonjurisdictional deadlines, we are bound by the terms of our jurisdictional grant.

Appellants also cite *Chem-Haulers, Inc. v. United States*, 536 F.2d 610 (5th Cir. 1976), in which the court determined that the sixty-day period for filing petitions for review under the Hobbs Act, 28 U.S.C. § 2344 (1982), was to be computed from the date of service of the order rather than the date of decision. 536 F.2d at 616. However, even though that decision dealt with a

---

**2.** Commission rules define the date of public notice as "commenc[ing] at 3 P.M. Eastern Time on the day after ... the release date. A document is 'released' by making the full text available to the press and the public in the Commission's Information Office. The release date appears on the face of the document." 47 C.F.R. § 1.4(b) (1984). This rule is a further refinement of our decision in *Microwave Communications, Inc. v. FCC*, 515 F.2d at 390, where we held that public notice of an order is given "when the complete text of the order and any accompanying decision becomes available to the litigants." Such reasonable agency specification of the precise commencement time for

the running of appeals periods has been uniformly approved, and indeed encouraged, by the courts. *See, e.g., ITT World Communications, Inc. v. FCC*, 621 F.2d 1201, 1209–10 (2d Cir.1980).

The August 17 release date in the present case established August 18 as the date of public notice, *see* 47 C.F.R. § 1.4(b). The first day counted for filing purposes was August 19, *see id.* at § 1.4(a), establishing September 17 as the filing deadline. However, since that and the following day were holidays, *see id.* at § 1.4(d), the last day for filing was the next business day, September 19, *see id.* at § 1.4(i).

**1300**

statute that makes "entry" of the order, rather than explicitly "public notice," the triggering event, it is clear that by "date of service" the court meant *public* service. The Fifth Circuit noted that the agency decision "was not served upon Chem-Haulers, *nor the public generally,*" *id.* at 613 (emphasis added), for twelve days after it was rendered, and selected as the appropriate date of entry "[t]he date the order is signed, the Commission seal is affixed, and the order is served," *id.* at 616, because only then is the order "final, complete, and a matter of *public record.*" *Id.* (emphasis added). More importantly, however, the question in *Chem-Haulers* was how to construe an ambiguous term ("entry"), not whether an exception to a clear jurisdictional provision should be created by judicial fiat. There is no dispute in this case concerning the proper definition of "public notice" under § 402(c), which would be analogous to the issue in *Chem-Haulers;* that issue has been foreclosed by Commission rules and our decision in *Microwave. See* note 2, *supra.* The other cases cited by appellants are equally unavailing. *Northern Colorado Water Conservancy District v. FERC,* 730 F.2d 1509 (D.C.Cir.1984), like *Gardner,* involved a late-filed petition for rehearing before the agency. *Way of Life Television Network, Inc. v. FCC,* 593 F.2d 1356 (D.C.Cir.1979), similarly concerned a Commission cut-off date, not a statutory jurisdictional provision.

---

At oral argument, counsel for appellants expressed disbelief at the suggestion that this court might not have the power to act in the face of an agency's violation of law. That is, however, precisely what a lack of jurisdiction means—an inability to act, not merely in unappealing cases, but in compelling cases as well. Since it is undisputed here that public notice was given and that this appeal was filed well over thirty days later, the matter is at an end. Lest it be thought, however, that such an absolute rule has nothing to recommend it, we note that a clear time limit for filing of an appeal serves important purposes. Private parties, such as David Livingstone in the present case, must be able to rely upon, and make substantial expenditures on the basis of, the finality of Commission action determined through the application of some objective and publicly knowable criterion—which "public notice," as defined in the Commission's rules, assuredly is. To carve out exceptions, such as one for cases in which required personal notice was not sent, would replace this objective criterion with highly litigable factual inquiries. As now written, the statute reflects the judgment that it is better that persons in appellants' position be put to the trouble of following the Commission's public notices, than that persons in David Livingstone's position be subjected to risks they can neither foresee nor eliminate. If a different balance is to be struck, it is not for us to do it. The appeal is

*Dismissed.*