76 F.3d 1244
 316 U.S.App.D.C. 191
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
A/B FINANCIAL, INC., et al., Appellants,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
 No. 95-1027.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 26, 1995.
 
 Before: HENDERSON, ROGERS and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 This case came to be heard on an appeal from an order of the Federal Communications Commission, and was briefed and argued by the parties. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the orders of the Federal Communications Commission be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellants, A/B Financial, Inc., et al., appeal two orders of the Federal Communications Commission dismissing their 4,431 applications filed between January 8, 1991 and April 8, 1992 for authority to construct and operate new stations on the E and F channels in the Multipoint Distribution Service (MDS) at seventy-two transmitter sites. See In the Matter of 4,330 Applications for Authority to Construct and Operate Multipoint Distribution Service Stations at 62 Transmitter Sites, 10 FCC Rcd 1335 (1994); In the Matter of 101 Applications for Authority to Construct and Operate Multipoint Distribution Service Stations, 9 FCC Rcd 7886 (1994). The Commission dismissed the applications, ruling that they failed to demonstrate noninterference with all authorized and previously proposed MDS stations and that they were mutually exclusive with, and untimely filed with respect to, previously proposed or authorized MDS stations in violation of 47 C.F.R. §§ 21.31, 21.902 (1994). In the Matter of 4,330, 10 FCC Rcd at 1464-70; In the Matter of 101, 9 FCC Rcd at 7895-96. The Commission also found that the applications proposed transmitter sites in violation of the fifty-mile location restriction announced for applications filed on or after April 20, 1988. In the Matter of 4,330, 10 FCC Rcd at 1471-78; In the Matter of 101, 9 FCC Rcd at 7896-99 (citing Public Notice, Common Carrier Bureau Opens Filing Period for Multichannel Multipoint Distribution Service Applications, 3 FCC Rcd 2661 (1988) ("1988 Public Notice ")). The Commission's orders also dismissed 2,358 of the applications for failure to file timely applications for rehearing. In the Matter of 4,330, 10 FCC Rcd at 1459-64; In the Matter of 101, 9 FCC Rcd at 7894-95. The Commission, however, considered the untimely applications on their merits and dismissed them on those grounds as well. In the Matter of 4,330, 10 FCC Rcd at 1464; In the Matter of 101, 9 FCC Rcd at 7895. For the reasons stated below, we affirm the Commission's orders.
 
 
 5
 Appellants first argue that the 1988 Public Notice is invalid because it is a substantive rule that was not created through the notice and comment rulemaking process or published in the Federal Register. Because Appellants failed to raise this issue before the Commission, they are now barred from raising it on appeal. See 47 U.S.C. § 405 (1988). Moreover, Appellants' challenge to the procedural validity of the 1988 Public Notice is time-barred under the Hobbs Act, which provides that a party aggrieved by a final agency order must file a petition for judicial review "within 60 days after its entry." 28 U.S.C. § 2344 (1994); see also JEM Broadcasting Co. v. FCC, 22 F.3d 320, 325 (D.C.Cir.1994) ("[C]hallenges to the procedural lineage of agency regulations ... will not be entertained outside the 60-day period provided by statute."). Nor is tolling of the limitations period warranted in this case: the 1988 Public Notice was published in the FCC Record, and Appellants do not claim that they lacked actual notice of it. See JEM Broadcasting, 22 F.3d at 326.
 
 
 6
 Appellants also challenge as arbitrary and capricious the Commission's dismissal of their applications for failure to provide proper interference studies with respect to previously filed applicants, and for failure to file timely with respect to previously filed applicants. Specifically, they claim that the Commission required them to submit interference studies with regard to previously filed applicants whom the Commission had not placed on public notice and previously filed applicants whose applications the Commission had rejected but neglected to dismiss formally ("lottery losers"). We find no merit in this argument: the Commission determined that Appellants' applications failed to include proper interference studies of even those previously filed applicants who were not lottery losers, and who were on public notice. In the Matter of 4,330, 10 FCC Rcd at 1348-49, 1468-69. Appellants have provided us with no reasonable basis for overturning the Commission's factual findings on this point. Indeed, they fail to direct this court to a single application that contains proper interference studies of all applicants of which Appellants knew or should have known.
 
 
 7
 For similar reasons, we reject Appellants' claim that the Commission acted arbitrarily and capriciously in refusing to grant waivers of the 50-mile location restriction. Even if Appellants' applications had contained all the necessary interference studies, the Commission is under no obligation to grant Appellants waivers of the location restriction. Rather, the Commission has broad discretion to deny waivers, see Orange Park Florida T.V. v. FCC, 811 F.2d 664, 669 (D.C.Cir.1987), and the 1988 Public Notice suggests that waivers will rarely be granted, see Public Notice, 3 FCC Rcd at 2661 ("We do not anticipate granting any waivers of this location requirement."). The Commission reasonably found that routinely granting waivers would undermine the 1988 Public Notice 's purpose of "minimiz[ing] the possibility for application gridlock," In the Matter of 4,330, 10 FCC Rcd at 1473, and that, at any rate, Appellants' applications failed to include proper interference studies of all previously proposed applicants necessary for justifying a waiver. See id. at 1477-78. For these reasons, we affirm the Commission's denial of waivers as a reasonable exercise of its discretion.
 
 
 8
 Appellants' claim that the Commission erred in dismissing 2,358 Petitions for Reconsideration as untimely is equally without merit. Appellants failed to file these applications within thirty days of public notice of dismissal as required by the Communications Act. 47 U.S.C. § 405 (1988); 47 C.F.R. § 1.106(f) (1994). Under Gardner v. FCC, exceptions to the statutory filing period should be granted only in extraordinary circumstances, such as when the Commission fails to provide notice. 530 F.2d 1086, 1091 (D.C.Cir.1976). Even where notice is defective, however, exceptions are warranted only when "the delay in notification in fact makes it impossible for the party to comply with the filing statute." Id. at 1091 n. 24. Appellants contend that because the dismissal letters failed to provide complete information on the nature of an application's deficiency, the notice was so defective that it did not constitute actual notice. Even if incomplete, the letters were still sufficient to apprise Appellants that their applications had been dismissed. It was therefore possible for Appellants to comply with the filing deadline. Nor does the Commission's decision to stop notifying contact representatives excuse Appellants from filing in a timely manner. They have not demonstrated how the failure to notify contact representatives affected their ability to file timely petitions. Because Appellants have failed to provide sufficient reason to warrant an exception to the statutory filing requirement, we affirm the Commission's dismissals of the petitions as untimely.
 
 
 9
 We have considered Appellants' additional arguments and find them to be without merit.